**Jack WEBER, Plaintiff,**

v.

**GEORGE COOK, LTD., Defendant.**

**No. 82 Civ. 0646(MP).**

United States District Court,
S.D. New York.

May 5, 1983.

Roberts & Finger, by A. Michael Weber, New York City, for plaintiff.

Burns Summit Rovins & Feldesman, by John L. Amabile, I. Cathy Glaser, Roy M. Schenerlein, Patricia C. Slovak, New York City, for defendant.

### OPINION

MILTON POLLACK, District Judge.

Plaintiff, Jack Weber, brings suit pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* alleging that he was improperly discharged from his employment by defendant. Plaintiff alleges that he had worked for defendant as a manufacturers' representative responsible for sales of sportswear to golf and tennis shops in and around the metropolitan New York area from 1971 until his termination on June 16, 1981. Additionally plaintiff claims that he had been promoted to Northeast Regional Sales Manager in 1974. Plaintiff complains that his discharge was the result of defendant's knowing and willful desire to terminate older manufacturers' representatives and replace them with younger individuals. Plaintiff was 68 years old at the time of his discharge.

Defendant moves for summary judgment on the ground that the Court lacks subject matter jurisdiction because defendant is not an employer as defined by Section 11(b) of the ADEA, 29 U.S.C. § 630(b), which provides:

The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

Defendant denies that it satisfies the definition of employer on the ground that it did not have twenty or more employees for twenty or more weeks in either 1980 or 1981, the years covered by the statute in

this case.[1] Defendant concedes that it employed fifteen employees for at least twenty weeks in 1980 and fourteen employees for at least twenty weeks in 1981. Plaintiff asserts that some individuals which defendant classifies as independent contractors or officers are employees for the purposes of the ADEA.

Since it appeared to the Court that the parties had raised a factual dispute concerning the relationship between certain individuals and the defendant corporation, the Court conducted a full evidentiary hearing to determine if subject matter jurisdiction was present in this case. On April 22, 1983, the Court heard testimony from plaintiff, Mr. Reed Cook, Executive Vice-President of defendant, and Mr. Larry Townsend, a sales representative for defendant. After carefully weighing the documentary evidence and assessing the credibility of witnesses, the Court determined at the close of the hearing that even when viewed most favorably to plaintiff the evidence supported a finding that no more than nineteen employees were employed for twenty or more weeks in either 1980 or 1981. Accordingly plaintiff's claim is dismissed for want of subject matter jurisdiction. The following discussion sets forth the reasoning in support of the Court's decision rendered at the close of the hearing.

*Individuals Claimed to be Employees.*

As noted above, defendant concedes fifteen employees in 1980 and fourteen in 1981. Every additional individual that plaintiff claims was an employee in 1981 was also claimed to be an employee for the same reasons in 1980. Thus if a determination of the number of employees in 1980 fails to establish federal jurisdiction, there will be an insufficient number in 1981, as well. In addition to the fifteen conceded employees plaintiff claims that George Cook, Lorraine Cook, Reed Cook, (hereinafter, The Cooks), Larry Townsend, Shepard Richard, John Tallale, plaintiff and

twenty-five sales representatives were also employees in 1980.

*The Cooks.*

The Cooks are officers of and shareholders in the defendant corporation. The Cooks received salaries for their services as officers for all weeks in 1980 and 1981. They received W–2 forms and were listed on defendant's Employer Quarterly Tax and Wage Reports as employees. As paid, active officers, the Cooks were employees of the defendant for the purposes on the ADEA in 1980 and 1981. *See Zimmerman, supra,* at 347; *EEOC v. First Catholic Slovak Ladies Ass'n,* 30 Fair Empl.Prac.Cas. (BNA) 819 (6th Cir.1982).

*Jack Weber.*

Up until the evidentiary hearing, defendant included Jack Weber, the plaintiff, in the list of individuals conceded to be employees. Defendant retracted this concession on the basis of the Seventh Circuit opinion in *Zimmerman* which was handed down on March 31, 1983. The *Zimmerman* decision excluded from the category of employee those individuals paid on an *hourly* basis who only worked part of the work week. Plaintiff was primarily employed as an independent sales representative in the New York metropolitan area and received remuneration in the form of commissions. Secondarily, plaintiff received a salary of $1200.00 per year to compensate him for supervising other salesman who performed in plaintiff's territory. Plaintiff received W–2 forms for this supplemental income and was included as an employee on defendant's Employer Quarterly Tax and Wage Reports. Defendant argues that plaintiff only performed supervisory services on a few days each year and that *Zimmerman* requires that he not be included as an employee. The Court notes that *Zimmerman* distinguished between part-time employees paid on an hourly basis and those, like plaintiff, who are paid a salary. Only the

---

1. Both parties interpret "the current or preceding calendar year" to require calculation at the time the alleged discrimination occurred. While that statute is not explicit in this respect, such an interpretation is consistent with the purposes of the statute and has previously been applied by the Courts. *See, e.g., Zimmerman v. North American Signal Company,* 704 F.2d 347 (7th Cir.1983).

former were excluded from the definition of employee under the ADEA. In any event, for the purposes of this motion, the Court will include plaintiff in the employee category under 29 U.S.C. § 630(b).

The addition of the Cooks and plaintiff brings to nineteen the number of employees engaged by defendant in 1980. While the Court recognizes that the term "employee" should be construed liberally to effectuate the purpose of the ADEA, *see First Catholic Slovak Ladies, supra,* the statute firmly requires that *twenty* employees be present for at least twenty weeks during one of the relevant years. As shown below, none of the remaining persons suggested to be employees by plaintiff meet even a liberal definition of employee.

*John Tallale.*

Defendant's payroll records indicate that John Tallale, a high school student in Miami, Florida, was employed for fourteen weeks in 1980. His employment terminated on April 1, 1980 when he resigned from the company. Defendant's Employer Quarterly Tax and Wage Report confirms that Tallale was an employee for only fourteen weeks in 1980. Plaintiff claims that Tallale was employed for twenty-three weeks, relying on IRS Form 6199, entitled "Certification of Youth Participating in a Qualified Cooperative Education Program". Form 6199, which is signed by a school official at Tallale's high school indicates that Tallale was enrolled in the program for twenty-three weeks. Obviously the duration of Tallale's enrollment in a school—jobs program is not binding on the defendant. Tallale's duration as an employee is measured by the length of time that he actually worked, not the length of time that he was qualified to work. Tallale was not employed for twenty weeks in 1980 and does not qualify as an employee for the purposes of the ADEA.[2]

*Lawrence Townsend.*

Lawrence Townsend testified that he is an independent contractor who markets ladies and mens' sportswear to retailers who primarily sell their products to golfers.

Primarily Townsend has represented defendant in the Midwest region of the United States since at least 1974; he has also represented other manufacturers but does not sell products that directly compete with defendant's merchandise. For his efforts as an independent sales representative Townsend receives commissions on the sales that he makes to retailers. Townsend pays income and social security taxes on these commissions as a self-employed individual and the commissions are reported to the IRS as miscellaneous income on Form 1099, not as wage income on Form W–2. Townsend pays his own office, transportation, communication, advertising and miscellaneous expenses without reimbursement from defendant. He keeps his own business records, selects his own potential customers and determines his work, vacation and holiday schedules without seeking approval from defendant.

In terms of the economic realities surrounding Townsend's activities as a sales representative, *see, e.g., Spirides v. Reinhardt,* 613 F.2d 826, 831 (D.C.Cir.1979) there is no question that he was an independent contractor and not an employee for the purposes of the ADEA. None of the indicia of employee status are present with respect to Townsend's activities as a sales representative. Townsend was not paid a regular salary or a fixed draw against his speculative commission income. The risk of profit and loss was not solely borne by defendant. Most importantly, the above description of Townsend's activities indicates that he enjoyed a tremendous degree of autonomy in determining the details and circumstances of his efforts on behalf of defendant.

Plaintiff argues that Townsend's additional activities on behalf of defendant, beyond those of a sales representative render him an employee for the purposes of the ADEA. On July 29, 1974, Townsend was appointed Regional Sales Manager for the Midwest Region and Vice President of George Cook, Ltd. Townsend's vice presidency was titular; he performed no corpo-

---

2. There is no claim that Tallale was employed in 1981.

rate function nor did he attend shareholders or directors meetings.

In his role as Regional Sales Manager, Townsend performed the services of an independent management consultant. Townsend advised the sales representatives in the Midwest Region; he organized regional sales shows, kept in close contact with the sales representatives in his region and discussed these activities with the Cooks. Between 1974 and 1978 Townsend received $250.00 per month for these consulting activities. From 1978 to the present Townsend received no salary for consulting; instead, he earned a bonus based on the level of sales achieved by the sales representatives in his region. Townsend also attended the defendant's annual sales meeting and the industry's national sales show. Defendant reimbursed Townsend for the expenses associated with these events, with the exception of his transportation expenses. The same reimbursement procedure was adopted with respect to all of the sales representatives who attended these events.

When viewed in the context of the entire business relationship between Townsend and defendant, his performance of independent consulting services does not render him an employee. For example, the expenses that were reimbursed by defendant amounted to $1400.00, in contrast to the $25,000 that Townsend spent without reimbursement. By substituting commission income for a guaranteed salary for the consulting services, Townsend relinquished any semblance of employee status that his activities as Regional Sales Manager might imply. The change in method of compensation is not a mere formality; by receiving bonuses based on the sales of others, Townsend shared in the financial risks that are not typically borne by employees. Lawrence Townsend cannot be counted as an employee for the purposes of the ADEA.

*Shepard Richard.*

Shepard Richard was a full time sales representative in 1980 and 1981. For the reasons discussed with respect to Larry Townsend, Richard is an independent contractor and not an employee. Plaintiff claims that Richard was able to purchase group health insurance in a program set up by defendant and that this made him an employee. Defendant correctly responds that independent sales representatives, such as Richard had to pay their insurance premiums whereas employees had their premiums paid at company expense. The ability to purchase group health insurance does not create employee status. Similarly, the fact that defendant purchased Workers' Compensation Insurance for its employees in Florida and the fact that Richard performed as an independent contractor in Florida does not make Richard any more of an employee than independent contractors in other states. Shepard Richard is not an employee for the purposes of the ADEA.

*Unspecified Sales Representatives.*

Approximately twenty-five other sales representatives were employed by defendant in 1980 and 1981, in addition to those previously discussed. Their relationship to defendant is the same as that of Lawrence Townsend, exclusive of his services as Regional Sales Manager and Vice President. For the reasons expressed in the discussion of Townsend's relationship with defendant, the sales representatives are independent contractors and not employees. Plaintiff does not offer any proof that the sales representatives satisfy any of the criteria that demonstrate employee status to a greater extent than did Townsend. Plaintiff has not demonstrated that the sales representatives are employees. *See Hickey v. Arkla Indus.,* 699 F.2d 748 (5th Cir.1983).

The defendant moved herein for summary judgment pursuant to Rule 56, Fed.R. Civ.P. It appearing that a threshold factual issue was to be resolved concerning the matter of jurisdiction, the Court ordered an evidentiary hearing to determine such facts preliminarily. Rules 56(e) and 43(e). Based on the Court's evaluation of the evidence, including the credibility of the witnesses, the findings set out above dispose of all controverted questions of fact herein, leaving only issues of law to be administered; defendant's Rule 56 motion for summary judgment for want of subject matter jurisdiction is now ripe for decision.

It appearing that defendant employed no more than nineteen employees for twenty or more weeks in either 1980 or 1981, defendant's motion for summary judgment is granted and the complaint is dismissed for want of subject matter jurisdiction. 29 U.S.C. § 630(b).

SO ORDERED.