**Verlyn McGRAW and Mary E. McGraw, Appellants,**

v.

**WARREN COUNTY OIL COMPANY, Appellee.**

No. 82–2189.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1983.
Decided May 26, 1983.

---

Thomas C. Farr, Peddicord, Simpson & Sutphin, P.C., Des Moines, Iowa, for appellee.

Keith E. Uhl, Pamela D. Griebel, Scalise, Scism, Gentry, Brick & Brick, Des Moines, Iowa, for appellants.

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

Before McMILLIAN, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Verlyn McGraw and Mary E. McGraw appeal from the district court's [1] dismissal of their action brought pursuant to the Age Discrimination in Employment Act (the Act), 29 U.S.C. §§ 621–634. The district court held that Warren County Oil Company was not an "employer" within the meaning of the Act. We affirm.

The Act provides in part that "[t]he term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *Id.* § 630(b). The district court found that Warren County Oil did not have the requisite number of employees for the statutory minimum period in the calendar year of 1979 or 1980. The district court rejected appellants' assertions that directors of the corporation were "employees," that part-time workers who did not work each day of the work week were "employees" for the entire week, and that "calendar year" was any period of twelve consecutive calendar months and not the period from January 1 through December 31.

After reviewing the record and the briefs and listening to oral argument, we conclude that the district court did not err in dismissing appellants' case. *See Zimmerman v. North American Signal Co.,* 704 F.2d 347 (7th Cir.1983) (directors of corporation are not employees and paid hourly workers are not employees on days not worked). Accordingly, we affirm on the basis of the district court's well-reasoned opinion. *See* 8th Cir.R. 14.