**Betty GORMAN, Plaintiff,**

v.

**NORTH PITTSBURGH ORAL SURGERY ASSOCIATES, LTD., Defendant.**

Civ. A. No. 86–344.

United States District Court, W.D. Pennsylvania.

July 9, 1987.

---

months without receiving a refund prior to filing this suit.

Lynette Norton, Beth L. Balzer, Pittsburgh, Pa., for plaintiff.

Sidney Zonn, John G. Greeno, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

Plaintiff brings this action alleging unlawful discrimination based on age pursuant to the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 621 *et seq.* Defendant, North Pittsburgh Oral Surgery Associates, Ltd. (NPOSA), hired plaintiff in 1970. Plaintiff alleges that on or about July 16, 1985, when she was sixty two years old, defendant forced her to retire. There is a minor dispute between the parties concerning whether plaintiff was hired in 1969 or 1970 and whether her age at termination was sixty or sixty two, but the difference is immaterial to resolution of this matter.

NPOSA filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(6), which was denied as premature. *Gorman v. North Pittsburgh Oral Surgery Associates, Ltd.* (1986), 110 F.R.D. 446. Presently before the court is defendant's motion for summary judgment. We must first determine, however, whether we have subject matter jurisdiction before we reach any determination on the merits.

Plaintiff alleges that NPOSA violated the Age Discrimination and Employment Act which prohibits an "employer" from discharging an individual because of her age. 29 U.S.C. § 623(a)(1). The ADEA defines an "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b).

NPOSA is a professional corporation owned and operated by four shareholders, all of whom are oral surgeons who share equally in ownership but share profits according to individual billing. As a professional corporation, defendant argues that the economic reality of the entity is more akin to a partnership than a corporation and that the roles of the physicians are more analogous to those of partners than shareholders. As such, the doctors contend that they are not employees of NPOSA for ADEA purposes. If the doctors are not employees of defendant, NPOSA is not an employer under the ADEA because it would lack the requisite number of employees. 29 U.S.C. § 630(b).

Whether the shareholders of a professional corporation are employees under the ADEA is an issue of first impression in this court and has never been addressed by the Court of Appeals for the Third Circuit. In its motion to dismiss, defendant relies on *Hyland v. New Haven Radiology Associates*, 606 F.Supp. 617 (D.Conn.1985), where the district court applied the economic reality test in holding that the physicians who made up the shareholders of a professional

corporation were in economic reality, partners, and therefore not employees for ADEA purposes. However, since defendant filed its motion to dismiss, the Court of Appeals for the Second Circuit reversed the district court's decision and rejected the economic reality test: "The fact that certain modern partnerships and corporations are practically indistinguishable in structure and operation, however, is no reason for ignoring a form of business organization freely chosen and established." *Hyland v. New Haven Radiology Associates, Ltd.*, 794 F.2d 793, 798 (2d Cir.1986).

We note that NPOSA's position has support. The Court of Appeals for the Seventh Circuit applied the economic reality test in a Title VII case and held that the shareholders were not employees of a professional corporation. *E.E.O.C. v. Dowd & Dowd, Ltd.*, 736 F.2d 1177 (7th Cir.1984). Nevertheless, in our judgment, the reasoning of the Court of Appeals for the Second Circuit is more persuasive. The professional corporation enjoys a unique existence among business combines, being a corporation for liability and tax purposes but a partnership in other respects. It enables a professional to employ him or herself and that is the only economic reality with which we need be concerned. We hold that the shareholders of NPOSA are employees of the professional corporation for ADEA purposes.

■ Defendant next contends that it was not an employer under the ADEA because, assuming inclusion of four physicians, it had no more than sixteen full time employees and never more than one part-time employee at either of its two offices on any given day during the period in question.[1] Defendant finds support for this method of calculation in a decision of the Court of Appeals for the Seventh Circuit, where the court stated: "This Act provides that an employer must have twenty or more employees for each working day of a week before that week can be counted toward the jurisdictional minimum." *Zimmerman*

*v. North American Signal Co.*, 704 F.2d 347, 353–354 (7th Cir.1983). Under this construction, a business that operates almost entirely with part-time labor could escape the prohibitions of the ADEA, despite the number of workers actually employed. In our judgment, if Congress had intended to exclude part-time or seasonal labor, the intent would have been made clear. We believe that Congress intended a much broader reading of the statute than *Zimmerman* affords.

Plaintiff urges that we determine the number of employees by looking to the number of days the employees are on the payroll, rather than the number of days that they are actually present in the office. In support of this test, plaintiff cites a Title VII case, *Thurber v. Jack Reilly's, Inc.*, 717 F.2d 633 (1st Cir.1983), *cert. denied*, 466 U.S. 904, 104 S.Ct. 1678, 80 L.Ed.2d 153 (1984). Also, a distinguished district court judge employed this method of calculation in a Title VII case holding that "employers with part-time or seasonal staffs were intended to be covered by the Act when the number of employees exceeds the minimum figure." *Hornick v. Borough of Duryea*, 507 F.Supp. 1091, 1098 (M.D.Pa.1980) (Nealon, J.). We believe that these decisions correctly embrace the spirit of the ADEA. We hold that NPOSA employed twenty two individuals during the period in question, thereby constituting an "employer" as defined in the ADEA.

We turn now to defendant's motion for summary judgment. When hired by defendant, plaintiff held the position of Oral Surgery Assistant. In 1983, she was involuntarily transferred to the position of Clerk. Plaintiff alleges that she was qualified for each position and that she was never counseled or disciplined for unsatisfactory performance. Complaint at ¶ 8 and ¶ 9. She further alleges that those who performed similarly and were under forty years old were retained by defendants when she was terminated.

---

1. NPOSA employs four oral surgeons, twelve full time staff members and six part-time employees.

To recover under 29 U.S.C. § 623(a) for age discrimination, plaintiff "must prove by a preponderance of the evidence that age was a determinative factor in the employer's decision." *Dreyer v. Arco Chemical Co.*, 801 F.2d 651, 653 (3d Cir.1986). "A determining factor is a factor considered by the employer which made a difference in the decision and ... plaintiff must show that but for his age he would not have been retired." *Maxfield v. Sinclair International*, 766 F.2d 788, 791 (3d Cir.1985), *cert. denied*, 474 U.S. 1057, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986).

A plaintiff can make out a prima facie case for age discrimination by proving that she: "(1) was discharged; (2) was qualified for the position; (3) was within the protected class at the time of discharge; (4) was replaced by someone outside the protected class, or by someone younger, or show otherwise that his discharge was because of his age." *Dreyer v. Arco Chemical Co.*, *supra* at 654. After establishing a prima facie case, the burden shifts to the employer to proffer "some legitimate nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). If defendant meets this burden, the burden again shifts to plaintiff, who "now must have the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision ... She may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

NPOSA assumes for the sake of argument that Betty Gorman has established a prima facie case but argues that she failed to meet her burden of showing that the proffered reasons for her termination were a pretext for discrimination. Defendant contends that Gorman had to be discharged because the business encountered financial problems and plaintiff's position at that time was not essential to its operation. Thus, her position was targeted for elimination.

According to defendant, plaintiff was an incompetent worker from the outset of her employment but was not fired earlier because of the doctors' sympathy for her personal circumstances, that is, a seriously ill daughter who underwent a kidney transplant. Defendant cites the depositions of three of its doctors and office manager to support its allegations.

Plaintiff argues that defendant's proffered reasons for terminating her employment raise a credibility issue which cannot be determined by summary judgment. We agree. "When there are conflicting statements by witnesses, ... we cannot very well over-estimate the importance of having the witness examined and cross-examined in presence of the court and jury." *Losch v. Borough of Parkesburg, Pennsylvania*, 736 F.2d 903, 909 (3d Cir.1984).

"The relevant inquiry when considering a motion for summary judgment is whether, from the evidence available at the time of the motion's disposition, a jury could reasonably have inferred that [the employer] had illegally discriminated against [the employee.]" *Graham v. F.B. Leopold Co.*, 779 F.2d 170, 173 (3d Cir.1985). We must consider "whether evidence of inconsistencies and implausibilities in the employer's proffered reasons for discharge reasonably could support an inference that the employer did not act for non-discriminatory reasons, not whether the evidence necessarily leads to the conclusion that the employer did act for discriminatory reasons." *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 900 (3d Cir.1987).

A jury may find that defendant's allegations of incompetence are inconsistent with plaintiff's long term of employment with NPOSA. "Where a question of discriminatory intent is at issue, summary judgment must be approached with caution." *Lowe v. Philadelphia Newspapers, Inc.*, 594 F.Supp. 123, 128 (E.D.Pa.1984). Resolving the evidence and inferences in Gorman's favor, we hold that there is a genuine issue of material fact and accordingly, we shall

deny defendant's motion for summary judgment.

A written order will follow.

## ORDER OF COURT

AND NOW, this 9th day of July, 1987,

IT IS ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction be and hereby is denied;

IT IS FURTHER ORDERED that defendant's motion for summary judgment be and hereby is denied.