PER CURIAM.
Provident Life and Accident Insurance Company (Provident) appeals a final summary judgment in its action for a declaration of rights under a health insurance contract. T. Armlon Leonard, Jr. cross-appeals a final summary judgment on his counterclaims of bad faith in Provident’s handling of his benefits claim and emotional distress. We reverse the summary judgment entered against Provident and affirm that entered against Leonard.
*722 Leonard is a retired executive and member of the board of directors of Leonard Brothers who was severely injured in a car accident. At the time of the accident, he was sixty-six years old and covered by a group health insurance policy which Leonard Brothers had with Provident. The policy extended coverage to active employees and retirees and to members of the board of directors. Medical care benefits were subject to a maximum of $1,000,000 per insured. One limitation on this amount was that any insured person who was eligible for Medicare was covered only up to $50,000. Subsequent to issuance of the policy, the Tax Equity and Fiscal Responsibility Act (TEFRA) of 1982 was enacted.[1] It resulted in cancelling out Provident’s policy provision limiting benefits as it applied to active employees who qualified for Medicare and were between the ages of 65 and 69. As a result of TEFRA, any active employee between those ages became entitled to the policy’s $1,000,000 maximum benefits.
After the accident, Provident paid out over $100,000 in claims filed by Leonard before it stopped, citing the $50,000 policy limitation. Provident later filed suit seeking a declaration as to its liability under the policy and recovery of overpayments. The trial court entered summary judgment for Leonard on the issue of coverage, finding that he was entitled to $1,000,000 in benefits. It ruled against Leonard on his counterclaim for bad faith handling of his claim and the resulting emotional distress he suffered. Both parties appeal.
Because the policy clearly states that an insured person of Leonard’s age would be limited to $50,000 in medical benefits, ap-pellee’s only basis for claiming that he is entitled to the maximum $1,000,000 in benefits is that the TEFRA amendment applied to him. However, the language of the amendment indicates that TEFRA applies only to active employees. Moreover, the legislative history of the act shows that the central purpose of TEFRA as it applied to the Age Discrimination in Employment Act (ADEA) was to reduce Medicare expenditures for the working aged. See S.Conf. Rept. No. 530, 97th Cong., 2d Sess., 414-415 (1982). Finally, Equal Employment Opportunity Commission regulations promulgated to implement the new statutory provision state that “retirees are not embraced by the term employee and are, therefore, not covered by the literal wording of the new section.” 48 Fed.Reg. 26434-01 (codified at 29 C.F.R. § 1625.20(a)(4) (1983)). See also, Karlen v. City Colleges of Chicago, Case No. 84-C-2925, slip op. (N.D.Ill. Dec. 12, 1986) [available on WESTLAW, 1986 WL 14649] (TEFRA does not cover the insurance rights of retirees.) On over twenty claim forms submitted to Provident on his behalf, Leonard was listed as “retired” and “retired executive.” On this basis, he was thus outside TEFRA’s protection.
Neither was Leonard entitled to the $1,000,000 benefit limit due to his position as a member of the board of directors. Because corporate directors are not considered “employees” within ADEA, to which TEFRA is an amendment, Zimmerman v. North Am. Signal Co., 704 F.2d 347 (7th Cir.1983); McGraw v. Warren County Oil Co., 707 F.2d 990 (8th Cir.1983), the fact that Leonard was a director entitled him to be treated simply as any other insured under the policy not affected by TEFRA. Since the policy provisions limited benefits for insured persons of Leonard’s age, we hold that he was covered only to a maximum of $50,000. Based on this holding, it is unnecessary to address *723 appellant’s other points on appeal. Furthermore, Leonard’s cross-appeal is thus without merit because it is premised on his claim of a right to $1,000,000 in benefits.
Accordingly, the final summary judgment determining $1,000,000 in coverage and all post-judgment orders related to that judgment are reversed. The final summary judgment denying cross-appellant’s claims is affirmed, and the cause is remanded for further proceedings in accordance with our holding.

. Pub.L. No. 97-248, 96 Stat. 324 (1982). Section 116 of the act contains two subsections. Subsection (a) amended the Age Discrimination in Employment Act. It states:
For purposes of this section, any employer must provide that any employee aged 65 through 69, and any employee’s spouse aged 65 through 69, shall be entitled to coverage under any group health plan offered to such employees under the same conditions as any employee, and the spouse of such employee, under age 65.
29 U.S.C.A. § 623(g)(1) (1983).
Subsection (b) amended the Social Security Act by restricting payments by the Medicare Trust Fund for any person: "over 64 but under 70 years of age ... who is employed” and who is covered by a group health insurance plan by reason of his employment. 42 U.S.C.A. § 1395y(b)(3)(A)(i) (1983).