956 F.2d 842
 58 Fair Empl.Prac.Cas. (BNA) 136,
58 Empl. Prac. Dec. P 41,279
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellant,
v.
GARDEN AND ASSOCIATES, LTD., Appellee.
Iowa Civil Rights Commission, Movant Below.
 No. 91-2336.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 11, 1991.
Decided Feb. 12, 1992.
Rehearing and Rehearing En Banc
Denied March 20, 1992.
 
 Paula Bruner, Washington, D.C., argued, for appellant.
 Edward Norman McConnell, Des Moines, Iowa, argued, for appellee.
 Before JOHN R. GIBSON, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and MAGILL, Circuit Judge.
 MAGILL, Circuit Judge.
 
 
 1
 The Equal Employment Opportunity Commission (EEOC) appeals the district court's[1] dismissal of this age discrimination claim. We affirm on grounds that, excluding part-time employees, appellee lacked the twenty requisite employees for subject matter jurisdiction.I.
 
 
 2
 The EEOC brought suit on behalf of Margy Black, alleging that Garden and Associates' June 20, 1987, termination of Black as a bookkeeper resulted from age discrimination. The EEOC moved for partial summary judgment, and Garden and Associates responded with a motion to dismiss for lack of subject matter jurisdiction.
 
 
 3
 Garden and Associates argued that it lacked the twenty requisite employees to be considered an employer under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (1988) (ADEA). The district court dismissed the complaint, ruling that "plaintiff has presented no competent, reliable evidence that defendant had on its payroll the requisite number of employees." United States Equal Employment Opportunity Comm'n v. Garden and Associates, Ltd., No. 89-640-A, slip op. at 4, 1991 WL 332691 (S.D.Iowa Apr. 9, 1991).
 
 II.
 
 4
 The ADEA describes "employer" as a "person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b) (1988). In the court below, the parties entered into the following stipulation:
 
 
 5
 The parties agree and stipulate that the Defendant's employee time records for the relevant years, 1986 and 1987, show that using the method of counting only employees who worked or were on paid leave each working day of each of twenty weeks in a calendar year, the Defendant would have employed less than twenty employees for each of twenty calendar weeks[.] [P]ursuant to said method, Defendant had 16 employees in 1987 by his count and 19 employees under Plaintiff's count.
 
 
 6
 The parties further stipulate that using the method of counting all employees who are on the payroll and who were not terminated in any given week, the Defendant had the requisite number of twenty employees in 1987.
 
 
 7
 The sole issue on this appeal is whether part-time employees who are neither working nor on paid leave during each day of the work week should be counted toward a company's total number of employees under the ADEA. We find that they should not.
 
 
 8
 This case is controlled by McGraw v. Warren County Oil Co., 707 F.2d 990 (8th Cir.1983) (per curiam). In McGraw, this court ruled that part-time workers who did not work each day of the work week were not "employees" for that week. Id. at 991. See also Zimmerman v. North Am. Signal Co., 704 F.2d 347, 354 (7th Cir.1983) (hourly paid workers were not employees on days they were neither working nor on paid leave).
 
 
 9
 The EEOC stipulated that their claim would fail if part-time employees who were neither working nor on paid leave were not counted toward Garden and Associates' total number of employees. Based on McGraw, we find that employees must either work or be on paid leave each day of the work week in order to be counted as an employee for that week under 29 U.S.C. § 630(b).
 
 
 10
 The district court's dismissal of the claim for lack of subject matter jurisdiction is affirmed.
 
 
 
 *
 The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa