**Robert M. LORD, Plaintiff,**

v.

**CASCO BAY WEEKLY, INC., et al., Defendants.**

**Civ. No. 91–0356–P–C.**

United States District Court, D. Maine.

March 30, 1992.

Denial of Motion for Reconsideration May 6, 1992.

Richard S. Slosberg, Portland, Me., for plaintiff.

Deborah H. Mann, Jensen, Baird, Gardner & Henry, Portland, Me., for defendant.

GENE CARTER, Chief Judge.

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

In this action brought under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Maine Human Rights Act, 5 M.R.S.A. § 4551 et seq., Defendants Casco Bay Weekly, Inc. ("*Casco Bay Weekly*" or "Defendant") and Monte Paulsen, editor and publisher of *Casco Bay Weekly*, have moved to dismiss Plaintiff Robert M. Lord's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the reasons that follow, the Court will grant Defendants' Motion to Dismiss on the basis of lack of subject matter jurisdiction.

### I. *Facts*

Plaintiff, age 58, has been employed by *Casco Bay Weekly* since June 1990. He was hired as the circulation manager by *Casco Bay Weekly*'s predecessor in March 1990. At that time, the paper was owned by Mogul Media, Inc. of which Gary Santaniello was president and publisher. Defendant Monte Paulsen was a minority partner and editor. On June 6, 1990, Mogul's assets were purchased by Dodge Morgan, who also owns the *Maine Times* and the Maine Publishing Corporation. Shortly thereafter, Mr. Santaniello left *Casco Bay Weekly* and Defendant Paulsen remained as both publisher and editor.

*Casco Bay Weekly* currently employs twelve full-time employees and four part-time employees. In addition, six freelance writers are employed as independent contractors. Although the employment records of *Casco Bay Weekly* prior to Mr. Santaniello's sale of the paper are not available, both *Casco Bay Weekly*'s office manager, Robyn Barnes, and Defendant Paulsen state that the predecessor paper never had as many as twenty employees. Similarly, *Casco Bay Weekly* has never had as many as twenty employees at any time.

Over the course of his employment, Plaintiff's position became more limited in scope and he was placed on part-time status. On April 29, 1991, he sought administrative relief from the alleged age discrimination by Defendants from the United States Equal Employment Opportunity Commission and the Maine Human Rights Commission. The latter Commission conducted an investigation, issued a report of its findings, and dismissed Plaintiff's claim on January 13, 1992. Plaintiff had filed his Complaint with this Court on November 12, 1991.

### II. *Discussion*

#### A.

The plaintiff has the burden of demonstrating that the Court has subject matter jurisdiction when a defendant makes a motion to dismiss under Rule 12(b)(1). *See Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir.1986); *Equal Employment Opportunity Commission v. Argent Industries, Inc.*, 746 F.Supp. 705, 708 (S.D.Ohio 1989); 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3522, at 63–65 (1984).[1] To establish subject matter jurisdiction under the ADEA, a plaintiff must show that an employer is:

---

1. A court is empowered to resolve factual disputes on a Rule 12(b)(1) motion. *See Rogers,* 798 F.2d at 915, 918; *Mortensen v. First Federal Savings and Loan Association,* 549 F.2d 884, 891 (3d Cir.1977). The parties are free to supplement the record by affidavits. This supplementation, however, does not convert the Rule 12(b)(1) motion into a summary judgment motion. *See Rogers,* 798 F.2d at 916.

a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

29 U.S.C. § 630(b) (1988).[2] To determine whether an employer meets the jurisdictional minimum set forth under the ADEA, the Court must determine the proper method for counting the number of employees.[3] In the absence of guidance from the Court of Appeals for the First Circuit, the Court adopts the test applied by the Court of Appeals for the Seventh Circuit, which held that first, salaried workers are counted as employees for every day of the week that they are on the payroll. *See Zimmerman v. North American Signal Co.*, 704 F.2d 347, 353–54 (7th Cir.1983). Moreover, with respect to hourly paid workers, the *Zimmerman* Court held that:

> hourly paid workers are counted as employees only on days when they are actually at work and on days of paid leave. Thus an hourly paid worker who worked Monday through Thursday is not counted as an employee on Friday, regardless of the number of hours he worked that week and regardless of whether he is a permanent employee who will return the

next week or a temporary employee who will not.

*Id.* at 353.[4] Thus, only those part-time hourly paid employees who work each day of the work week are to be included when counting the number of employees during a week.[5] *See also McGraw v. Warren County Oil Co.*, 707 F.2d 990, 991 (8th Cir.1983) ("paid hourly workers are not employees on days not worked"); *Argent Industries*, 746 F.Supp. at 708–09.

Although the ADEA is not explicit with respect to interpreting the "current or preceding calendar year," courts have held that it should be calculated at the time of the alleged discrimination. *See McGraw*, 707 F.2d at 990; *Weber*, 563 F.Supp. at 599. Thus, because Plaintiff stated in his Complaint that the alleged discriminatory conduct has occurred since June 1990, Defendant determined the current calendar year as 1991 and the preceding year as 1990. *See* Memorandum in Support of Motion to Dismiss ("Defendants' Memorandum") at 5.

On this basis, Defendant determined that the maximum number of employees that it employed during calendar year 1991 for any work week was fourteen salaried employees and three part-time hourly employ-

---

**2.** The ADEA states that the term "employer" also means "any agent of such a person." *Id.*

**3.** Independent contractors are not employees under the ADEA. *See Garrett v. Phillips Mills, Inc.*, 721 F.2d 979, 980 (4th Cir.1983); *Equal Opportunity Employment Commission v. Zippo Manufacturing Co.*, 713 F.2d 32, 38–39 (3d Cir. 1983); *Hickey v. Arla Industries, Inc.*, 699 F.2d 748, 753 (5th Cir.1983); *Weber v. George Cook Ltd.*, 563 F.Supp. 598, 600, 601 (S.D.N.Y.1983).

**4.** If the number of employees falls below twenty on any day of the week, that week is not counted, regardless of the number of employees counted on the rest of the days. *Zimmerman*, 704 F.2d at 353. For example:

> [F]or the week ending February 2, 1979, North American's analysis shows nineteen employees on Friday and twenty employees on Monday through Thursday. Since the count fell below twenty on Friday, North American does not count this week toward the jurisdictional minimum.

*Id.*

**5.** Although most courts have adopted the approach taken by the *Zimmerman* court, at least one court has rejected its approach. *See Gor-*

*man v. North Pittsburgh Oral Surgery Associates, Ltd.*, 664 F.Supp. 212, 214 (W.D.Pa.1987). In *Gorman*, the court criticized the *Zimmerman* court's construction of the ADEA:

> Under this construction, a business that operates almost entirely with part-time labor could escape the prohibitions of the ADEA, despite the number of workers actually employed. In our judgment, if Congress had intended to exclude part-time or seasonal labor, the intent would have been made clear. We believe that Congress intended a much broader reading of the statute than *Zimmerman* affords.

*Id.* The *Gorman* court determined the number of employees "by looking to the number of days the employees are on the payroll, rather than the number of days that they are actually present in the office." *Id.*

Even if this Court were to adopt the broader reading of the ADEA, the number of employees, including both full-time and part-time, would never exceed seventeen employees. *See* Affidavit of Robyn Barnes, Exhibit A ("week ended 12/13/91").

ees.[6] In 1990, from the sale of *Casco Bay Weekly* to the end of the year, the maximum number of employees in any week was twelve full-time salaried employees and three part-time hourly employees. In both calendar years, Defendants state that the part-time hourly employees never worked each day of the work week and, hence, they were not included in the number of employees for each week. *Id.* Even if these employees had been counted, the maximum number of employees still would have fallen short of the jurisdictional requirement under the ADEA.[7]

### B.

■ Plaintiff has failed to meet his burden in establishing subject matter jurisdiction under the ADEA. He has presented no evidence that Defendants had the requisite number of employees. Based on the record,[8] the Court finds that Defendant

---

**6.** Defendant averred that there were also six independent contractors with whom it does business:

> These people are entirely independent of Casco Bay Weekly, Inc. and they tend to work for other entities as well. Their work is purchased on a per piece basis. They do not get any benefits (e.g., health insurance, disability insurance, etc.) and they are not treated as Casco Bay Weekly, Inc. employees in any respect.

*See* Affidavit of Seth Sprague ("Sprague Affidavit"), ¶ 10. The payroll records summarized in Exhibit A did not include these independent contractors.

**7.** Plaintiff argues that for purposes of the definition of "employer" under the ADEA, Defendant *Casco Bay Weekly* must be considered together with the Maine Publishing Corporation either as joint employers or as a single employer or enterprise. *See* Opposition to Motion to Dismiss of Defendants Casco Bay Weekly, Inc. and Monte Paulsen ("Plaintiff's Opposition") at 1. He alleges that the Maine Publishing Corporation owns the *Maine Times. Id.* In fact, the Maine Publishing Corporation does not own the *Maine Times. See* Second Affidavit of Seth Sprague ("Sprague Second Affidavit"), ¶ 2. Dodge Morgan, however, does own all three separate Subchapter S corporations: *Casco Bay Weekly,* the *Maine Times,* and Maine Publishing Corporation. *Id.* ¶ 3. In this regard, Plaintiff requests that the Court delay its decision on the Motion to Dismiss until he has conducted further discovery regarding the interrelationship between *Casco Bay Weekly* and Maine Publishing Corporation, and whether the independent contractors are, in fact, employees. *See* Plaintiff's Opposition at 2.

Plaintiff's attempt in this regard seems to be a last-ditch effort to salvage his Complaint from dismissal arising from lack of subject matter jurisdiction under the ADEA. Notwithstanding Plaintiff's protestations to the contrary, the Court finds that he had the opportunity through discovery to investigate his speculations regarding the proper definition of "employer" and the status of the independent contractors in this case prior to his filing his Opposition to Defendants' Motion to Dismiss. The Court should not be expected to comply with Plaintiff's request to delay its decision regarding this motion simply because Plaintiff has failed to engage in discovery pertaining to a review of *Casco Bay Weekly*'s payroll records. Whether or not Defendants' limitations on Plaintiff's review of those records were unreasonable, *i.e.,* "we would be willing to consider permitting your review of these materials in the presence of someone from Casco Bay Weekly so long as you take no notes and take no photocopies," Affidavit of Deborah M. Mann, Exhibit A, Plaintiff nonetheless had the opportunity to review these records.

Even if the Court were to count employees of Maine Publishing Corporation together with *Casco Bay Weekly* employees under the "integrated enterprise" theory, the Court finds that the jurisdictional minimum number of twenty employees under the ADEA still would not be met. *See Argent Industries,* 746 F.Supp. at 708. Seth Sprague is the only salaried employee of Maine Publishing Corporation. *See* Sprague Affidavit, ¶ 4. He is already counted as a full-time employee of *Casco Bay Weekly.*

Although Dodge Morgan and Anna Ginn are directors and officers of Maine Publishing Corporation, *see* Sprague Second Affidavit, ¶ 4, they do not receive any salary and are not compensated or otherwise accounted for as employees of the corporation. *Id.* Courts have held that directors or unpaid inactive officers are not included as employees for purposes of the ADEA. *See McGraw,* 707 F.2d at 991; *Zimmerman,* 704 F.2d at 352. Even if Morgan and Ginn were counted as employees for purposes of ADEA, their inclusion would result in a total of nineteen employees for 1991, both full-time and part-time, and a total of seventeen employees for 1990, both full-time and part-time. Plaintiff does not indicate the number of employees of the *Maine Times.*

The Court finds that even if Plaintiff were allowed further discovery on the issue of the interrelationship between *Casco Bay Weekly* and Maine Publishing Corporation before the Court decides this motion, he would still fail to establish Defendant *Casco Bay Weekly* as an "employer" under the ADEA.

**8.** The Court may resolve factual disputes by affidavit or by testimony. *See Rogers,* 798 F.2d at 915; *Argent Industries,* 746 F.Supp. at 706–07.

*Casco Bay Weekly* is not an employer under the ADEA because it does not meet the jurisdictional requirement of "twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." First, the record reveals that between June 8, 1990 and January 31, 1992, *Casco Bay Weekly* never employed more than seventeen employees, including both full-time and part-time, who met the jurisdictional threshold under the ADEA. Second, although Plaintiff alleges that the six independent contractors employed by *Casco Bay Weekly* may, in fact, be employees, he has failed to offer any evidence supporting this bare allegation. *See* Plaintiff's Opposition at 2. Lastly, the sole employee of Maine Publishing Corporation, Seth Sprague, has already been counted as an employee of *Casco Bay Weekly* so that the threshold number of requisite employees is not raised by combining the employees of the corporation and *Casco Bay Weekly* and, hence, still falls short of the jurisdictional requirement of twenty employees under the ADEA.

The Court concludes that Plaintiff has failed to meet his burden in showing that Defendants fit the statutory definition of employer under the ADEA and the Court will dismiss the federal claim under Count I against both *Casco Bay Weekly* and Monte Paulsen.[9] Having dismissed the federal claim, the Court will not exercise supplemental jurisdiction to hear the related state law claims under Counts II, III, and IV. *See* 28 U.S.C. § 1367(c)(3) (Supp.1991). Therefore, Plaintiff's Complaint will be dismissed in its entirety without prejudice.

Accordingly, it is ORDERED that Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) be, and it is hereby, GRANTED.

So ORDERED.

## MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Robert M. Lord brought suit against Defendants Casco Bay Weekly, Inc. and Monte Paulsen alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Maine Human Rights Act, 5 M.R.S.A. § 4551 et seq. On March 30, 1992, this Court granted Defendants' Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). On April 9, 1992, Plaintiff filed a Motion for Reconsideration and to Vacate or for Relief from Judgment.

Although Plaintiff did not specifically invoke any federal rule as the procedural basis for its Motion, the Court finds that Plaintiff's Motion for Reconsideration arises under Federal Rule of Civil Procedure 59(e).[1] As this Court has previously noted: "The proper procedural device to challenge the legal correctness of a deci-

---

Here, the Court relies on the affidavits submitted by Seth Sprague, publisher of *Casco Bay Weekly;* Monte Paulsen, editor of *Casco Bay Weekly;* and Robyn Barnes, office manager of *Casco Bay Weekly.*

9. Defendants argue that Monte Paulsen is not an employer for purposes of the ADEA because he is not an agent of *Casco Bay Weekly. See* Defendants' Memorandum at 4. The Court need not determine whether, in fact, Paulsen is a proper defendant in this action because, whether the employer is *Casco Bay Weekly* or Paulsen, the Court is dismissing the entire case for lack of subject matter jurisdiction.

1. Rule 59(e) states: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Plaintiff filed his Motion for Reconsideration within the requisite 10 days under Rule 59(e).

The United States Supreme Court discussed the purpose of Rule 59(e):

> Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to "mak[e] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following the entry of judgment.
>
> . . . .
>
> Consistently with this original understanding, the federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits.

*White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 450–51, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (quoted in *McDermott v. Lehman*, 594 F.Supp. 1315, 1318 (D.Me. 1984)) (footnotes and citations omitted).

sion of this Court is a motion to amend or alter judgment pursuant to Fed.R.Civ.P. 59(e)." *United States v. Belanger*, 598 F.Supp. 598, 601 (D.Me.1984). *See also Feinstein v. Moses*, 951 F.2d 16, 19 n. 3 (1st Cir.1991) ("Where, as in this case, the petition sought to set aside the judgment of dismissal as legally erroneous, it is properly treated as a motion brought under Rule 59(e)."); *Appeal of Sun Pipe Line Co.*, 831 F.2d 22, 24 (1st Cir.1987) ("Notwithstanding that [Defendant] did not denominate any particular rule as the springboard for its reconsideration motion, it is settled in this circuit that a motion which asked the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed.R.Civ.P. 59(e)."), *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2821, 100 L.Ed.2d 922 (1988).

The district court has substantial discretion to grant or to deny a motion brought under Rule 59(e). *See United States v. Parcel of Land*, 896 F.2d 605, 611 (1st Cir.1990); *Appeal of Sun Pipe Line Co.*, 831 F.2d at 25 ("We have repeatedly held that, once the ball has ended, the district court has substantial discretion in deciding whether to strike up the band again in order to allow the losing party to argue new material or a new theory."). "The most common grounds for allowing a Rule 59(e) motion are 'for manifest error of law or of fact, or for newly discovered evidence.'" *DeSenne v. Jamestown Boat Yard, Inc.*, 781 F.Supp. 866, 869 (D.R.I. 1991) (quoting *Kalman v. Berlyn Corp.*, 706 F.Supp. 970, 974 (D.Mass.1989) (quoting *In re Crozier Bros., Inc.*, 60 B.R. 683, 688 (Bankr.S.D.N.Y.1986)).

Here, in the absence of "manifest error of law or of fact" or of "newly discovered evidence," the Court will deny Plaintiff's Motion. Plaintiff raises repetitive issues—namely, discovery pertaining to Defendants' payroll records, including the status of independent contractors, *see* Memorandum in Support of the Motion for Reconsideration and to Vacate or for Relief from Judgment ("Plaintiff's Memorandum") at 1–3—that had been evaluated and rejected by the Court on the earlier motion. *See, e.g., Frito–Lay of Puerto Rico, Inc. v. Canas*, 92 F.R.D. 384, 390 (D.P.R.1981) ("Nor does [Defendant] present any *new* legal arguments, or any issues of fact, which justify vacation of the Court's Opinion and Order.").

Moreover, the Court finds that even Plaintiff's newly refined argument—namely, that the *Maine Times* should be considered part of Defendants' "integrated enterprise," *see* Affidavit of Robert M. Lord; Plaintiff's Memorandum at 3–6—is not timely raised for the Court's consideration. *See Harley–Davidson Motor Co. v. Bank of New England–Old Colony, N.A.*, 897 F.2d 611, 616 (1st Cir.1990) ("Parties cannot use [Rule 59(e) motions] to 'raise arguments which could, and should, have been made before the judgment issued.' ") (quoting *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)); *Ray E. Friedman & Co. v. Jenkins*, 824 F.2d 657, 660 (8th Cir.1987) ("[Party] cannot now use rule 59(e) to expand the judgment to encompass new issues."); *DeSenne v. Jamestown Boat Yard, Inc.*, 781 F.Supp. 866, 869 (D.R.I. 1991) ("A district court may reject evidence or arguments not raised until the motion for reconsideration.").

In sum, the Court finds no basis for vacating its Order under Rule 59(e).[2]  It,

---

**2.** Plaintiff labelled his Motion as one for "Reconsideration and to Vacate or for Relief from Judgment," which suggests that his Motion was brought under both Rules 59(e) and 60(b). The Court, however, has previously noted that it "should not hold a party to the label of its motion if relief is available under another provision of the rules." *United States v. Belanger*, 598 F.Supp. 598, 601 (D.Me.1984). In this light, the Court concluded that Plaintiff's Motion was properly addressed under Rule 59(e).

Even if the Court analyzed Plaintiff's Motion for Reconsideration under Rule 60, it would, in

its discretion, deny said Motion. Similar to a motion under Rule 59(e), a motion for relief from a judgment under Rule 60(b) is "addressed to the discretion of the court." *See* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2857, at 157 (1973). The First Circuit Court of Appeals has noted that "Rule 60(b) contains 'extraordinary relief' which should be granted only under exceptional circumstances.' " *United States v. One Urban Lot*, 882 F.2d 582, 585 (1st Cir.1989) (quoting *Lepore v. Vidockler*, 792 F.2d 272, 274 (1st Cir.1986)). Similarly, this Court has noted that relief from judgment under Rule

therefore, *DENIES* Plaintiff's Motion for Reconsideration.

So ORDERED.

60(b)(6) "is generally available only in 'extraordinary circumstances.' " *Cutler v. Lewiston Daily Sun,* 103 F.R.D. 172, 174 (D.Me.1984) (quoting *Scola v. Boat Frances R., Inc.,* 618 F.2d 147, 154–55 (1st Cir.1980)). Here, the Court finds that no such "extraordinary circumstances" are present to invoke any of the six clauses under Rule 60(b) in Plaintiff's Motion. Thus, under Rule 60, the Court would also deny Plaintiff's Motion for Reconsideration.