**Virginia THURBER, Plaintiff, Appellee,**

v.

**JACK REILLY'S, INC., d/b/a Jack's, Defendant, Appellant.**

**No. 83–1024.**

United States Court of Appeals, First Circuit.

Argued June 7, 1983.

Decided Sept. 14, 1983.

Rehearing Denied Oct. 14, 1983.

* Of the District of Massachusetts, sitting by des-

Bruce McNeill, Boston, Mass., with whom Bradley, Barry & Tarlow, P.C., Boston, Mass., was on brief, for defendant, appellant.

Philip M. Weinberg, Boston, Mass., with whom Geller & Weinberg, Boston, Mass., was on brief, for plaintiff, appellee.

Before COFFIN and BREYER, Circuit Judges, and SKINNER,* District Judge.

SKINNER, District Judge.

This appeal from the district court's denial of the defendant's motion to dismiss and final judgment for the plaintiff presents the sole issue of the proper interpretation of the definition of employer under Title VII, 42 U.S.C. § 2000e(b).

Plaintiff Thurber began working in November, 1973 as a waitress at a bar and restaurant known as "Jack's" operated by the defendant. Sometime in 1974 she ap-

ignation.

plied for a higher paying position as a bartender. Jack's followed a practice of hiring only males as bartenders, however, and refused to train her for the position. Thurber thereafter complained that Jack's was discriminating against her. In response to her complaints, Jack's reduced her scheduled working hours by two-thirds. She quit her job in May, 1975.

Thurber filed a complaint in the United States District Court in which she alleged that Jack's discriminated against her on the basis of her sex in violation of Title VII, 42 U.S.C. § 2000e et seq. She subsequently amended her complaint to add a count under Mass.Gen.Laws c. 151B, the Massachusetts discrimination in employment statute.

Jack's brought a motion to dismiss the complaint for lack of subject matter jurisdiction, contending that it was not an employer as defined by § 2000e(b) because it did not have the requisite number of employees. 42 U.S.C. § 2000e(b) provides in pertinent part:

> The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . .

Civil Rights Act of 1964, § 701(b), 78 Stat. 260, as amended 86 Stat. 104–105 (1972), 42 U.S.C. § 2000e(b) (1976). Jack's is a small bar in Cambridge, Massachusetts which operates by having approximately 9 employees report to work each day. Some of these employees work full time; most, however, work part time. In order to remain open 7 days a week, Jack's maintained more than 15 employees on the payroll for more than 20 weeks during the relevant time although no more than 11 employees ever reported for work on any one day.

The magistrate interpreted § 2000e(b) as requiring that a business have 15 or more employees who reported to work for each working day and recommended that the motion to dismiss be allowed. The district court rejected that recommendation, and denied the motion to dismiss on the basis that the number of employees should be determined by examining the payroll and not by counting the number of employees who report to work. After a bench trial, the court entered judgment for the plaintiff.

Every court which has addressed the issue has held that regular part-time employees are employees within the meaning of § 2000e(b). E.g., Pedreyra v. Cornell Prescription Pharmacies, 465 F.Supp. 936, 941 (D.Colo.1979); Hornick v. Borough of Duryea, 507 F.Supp. 1091, 1097 (M.D.Pa.1980); cf. Pascutoi v. Washburn-McReavy Mortuary, 11 F.E.P. 1325, 1327 (D.Minn.1975); see Dumas v. Town of Mount Vernon, 612 F.2d 974, 979 n. 7 (5th Cir.1980), see also 2 Larson, Employment Discrimination, § 5.32, (Matthew Bender & Co. 1973). The appellant has cited no authority to the contrary. The part-time employees excluded by the court in Takeall v. Werd, Inc., 23 F.E.P. 947, 948 (M.D.Fla.1979) were occasional help, hired only to fill in for isolated vacation days of the regular employees.

Appellant relies only on its unsupported assertion that the insertion of the words "for each working day" in the statute necessarily imports a Congressional intent to restrict application of the statute to employers who had 15 or more employees actually at work on each working day in each of 20 or more calendar weeks. While Congressional debate on enactment of Title VII revealed concern for the over-regulation of small family or neighborhood businesses, the legislative history generally weighs heavily against the appellant's position.

For instance, Senator Dirksen, a co-sponsor of Title VII, stated that the definition of "employer" in Title VII was borrowed from the Unemployment Compensation Act (26 U.S.C. § 3304 (1954)). 110 Cong.Rec. 13087 (1964). Under Rev.Rule 55–19, Regulation 107, § 403.205 (1955) an employee is to be counted under the Unemployment Compensation Act for each day that an employment relationship exists regardless of whether the employee reported to work each day. This ruling had been in force for nine years prior to the enactment of Title VII. Title VII was considered a generally

remedial statute, and the prevailing majority in Congress intended to give it broad effect. Comments of Senators Morse, Saltonstall and others, 110 Cong.Rec. 13087–13093.

In 1972, the statutory definition of employee was amended to reduce the requisite number of employees from 25 to 15. 86 Stat. 103, Pub.L. 92–261, § 2. While the legislative history reveals that the number 15 was a compromise figure, there is nothing in the record to indicate a Congressional intent to require that employees report to work on each day that they are included. *See* 92 Cong., 1st Sess., U.S.Code Congressional & Admin.News 1972, pp. 2513–2519.

It is true that the interpretation given to the statute by the district court might sweep into the ambit of the statute a few truly "Mom and Pop" stores, which employ a large number of part-time employees in order to keep open long hours. The burden on such businesses, however, is the relatively modest one of forbearance from discrimination in employment. In our opinion, the inclusion of such stores offends less against the policy of the statute than does the exclusion of businesses such as the appellant.[1]

In short, we find no basis in authority, canons of statutory interpretation, legislative history or public policy to support the appellant's position.

Accordingly, the judgment of the District Court, 521 F.Supp. 238, is *affirmed*.

---

1. We note that both the Third and Sixth Circuits have adopted a broad reading of "employee" in another context in order to effect the remedial purpose of the statute. *Equal Employment Opportunity Commission v. Zippo Manufacturing Co.,* 713 F.2d 32 (3d Cir.1983); *Armbruster v. Quinn,* 711 F.2d 1332 (6th Cir. 1983).