Jennifer YOUNG–GERHARD, Plaintiff,

v.

SPRINKLE MASONRY, INCORPORAT-ED, and Mark Sprinkle, Defendants.

Civ. A. No. 2:94cv182.

United States District Court,
E.D. Virginia,
Norfolk Division.

July 5, 1994.

Lisa P. O'Donnell and Gregory A. Giordano, Shuttleworth, Ruloff, Giordano & Kahle, P.C., Virginia Beach, VA, for plaintiff.

Gordon B. Tayloe, Jr., W. Greer McCreedy, II, and J. Derek Turrietta, Kellam, Pickrell, Cox & Tayloe, Norfolk, VA, for defendant Sprinkle Masonry, Inc.

F. Sullivan Callahan, Moss & Callahan, Norfolk, VA, for defendant Mark Sprinkle.

### OPINION & ORDER

PRINCE, United States Magistrate Judge.

Defendant, Sprinkle Masonry, Incorporated ("Sprinkle"), filed a Motion For Partial Summary Judgment to limit its liability under Count I of the Complaint.[1] Count I alleges a claim for sexual harassment in the workplace brought pursuant to 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981a. The former section is part of the Civil Rights Act of 1964, while the latter section is part of the Civil Rights Act of 1991. The motion seeks to limit Sprinkle's liability to $100,000, pursuant to § 1981a(b)(3)(B), on the ground that it had more than 100 and fewer than 201 employees for the applicable period. The motion was supported by the affidavit of Deborah L. Sawyer, custodian of the employment and payroll records of Sprinkle. Plaintiff, Jennifer Young–Gerhard, responded to the motion by stating that it was premature, because she had not had an opportunity to examine Sprinkle's records. After plaintiff

---

1. The defendants Sprinkle Masonry and Mark Sprinkle filed a Joint Motion For Summary Judgment as to Count II. At a hearing on May 26, 1994, at which both motions were argued, plain-tiff was granted leave to amend Count II. Her amended complaint was filed on June 1, 1994, and defendants filed their answers on June 7 and 8, respectively.

had taken discovery on the number of people employed by Sprinkle, she filed the affidavit of Lisa P. O'Donnell, her attorney, setting out the number of employees during the applicable period.[2] Sawyer's affidavit and supporting exhibit present Sprinkle's theory that it had more than 100 and less than 201 employees. O'Donnell's affidavit and supporting exhibit present plaintiff's theory that Sprinkle had more than 200 employees.

The parties have agreed that if the Court limits its ruling on the motion for partial summary judgment to an interpretation of § 1981a, they will be able to apply the interpretation to the employment and payroll records and come to an agreement on the number of employees that Sprinkle had.[3]

Title 42 U.S.C. § 2000e(b) provides as follows:

> The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year
>
> . . . .

Title 42 U.S.C. § 1981a(b)(3) limits "the sum of the amount of compensatory damages ... and the amount of punitive damages awarded under this section [for sexual harassment]" as follows:

> (B) in the case of a respondent who has more than 100 and fewer than 201 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $100,000[.]

These two sections are obviously written in juxtaposition, and it is equally obvious how they differ:

| § 2000e | § 1981a |
|---|---|
| X 'employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.' | X 'employees in each of 20 or more calendar weeks in the current or preceding calendar year.' |

Sprinkle argues that the two sections should be interpreted alike. Actually, Sprinkle presents little argument, asserting only

that "[a]pplying the formula provided by the Act as evidence [sic] by the uncontroverted affidavit of Deborah L. Sawyer, [Sprinkle] falls within category B as provided and defined in" 42 U.S.C. § 1981a(b)(3). (Memo. In Supp. Of Sprinkle Masonry, Incorporated's Motion For Partial Summary Judgment As To Count I (Docket entry # 10), p. 4.) Sawyer's affidavit states that "the largest number of employees that [Sprinkle] employed *for each working day* in each of twenty (20) or more calendar weeks during calendar years 1993 and 1992 is between 101 and 200." (Emphasis added.) Both parties say that they could find no case interpreting the relevant provision of § 1981a.

Sprinkle hires most of its employees through a union hall. The union is advised in advance of how many persons are needed at a given site, at a given time, and for a given period. Circumstances may develop that result in only some or none of the persons planned for actually working on a given day. In reviewing Sprinkle's records in preparation for her affidavit, which is the only support for the partial motion for summary judgment, Sawyer did not count as employees those persons who, for some reason, did not work on a given day. Therefore, if, by not counting those who did not work on a given day, the number of employees fell below 201 on one day of the week, that week was not counted.

At oral argument, Sprinkle cited two cases as shedding some light on its interpretation of § 1981a. The first is *Equal Employment Opportunity Commission v. Garden and Associates, Ltd.*, 956 F.2d 842 (8th Cir.1992), a case involving an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634. The definition of "employer" under the ADEA is identical to the definition under § 2000e, except for the required number of employees to establish jurisdiction. Citing one of its earlier cases, the Eighth Circuit held "that part-time workers who did not work each day of the work week were not 'employees' for that week." *Id.* at 843. The

---

**2.** The parties are in agreement that the applicable period is 1992–93.

**3.** The parties have filed a consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

second case cited by Sprinkle is *Zimmerman v. North American Signal Co.,* 704 F.2d 347 (7th Cir.1983), another ADEA case. In rejecting Zimmerman's proffered method for counting the number of employees, the court said:

> This act provides that an employer must have twenty or more employees for *each working day* of a week before that week can be counted toward the jurisdictional minimum. This language is inconsistent with Zimmerman's approach of counting all workers on the payroll for a work week. Under his analysis, an hourly paid worker who works two hours each Monday would be counted as an employee for every day of the week, a result we believe would be contrary to the explicit definitional restriction chosen by Congress. We hold that the district court was correct in declining to count hourly employees for days when they were neither working nor on paid leave.

*Id.* at 354.

Plaintiff offers *Thurber v. Jack Reilly's, Inc.,* 717 F.2d 633 (1st Cir.1983), *cert. denied* 466 U.S. 904, 104 S.Ct. 1678, 80 L.Ed.2d 153 (1984), as a case shedding light on her position. *Thurber* was a sex discrimination in employment case that involved the definition of "employer" under § 2000e. The court rejected the employer's "unsupported assertion that the insertion of the words 'for each working day' in the statute necessarily imports a Congressional intent to restrict application of the statute to employers who had 15 or more employees actually at work on each working day in each of 20 or more calendar weeks." Referring to the legislative history of the statute, the court adopted an interpretation that an employee is to be counted "for each day that an employment relationship exists regardless of whether the employee reported to work each day." *Id.* at 634.

The *Garden and Associates* and *Zimmerman* cases and the *Thurber* case present opposite views of the same interpretive question, although *Garden and Associates* and *Zimmerman* would not produce the same result. It seems to this Court that the two cases cited by Sprinkle are closer to the mark in their interpretations of the ADEA

than was the First Circuit in *Thurber* in its interpretation of § 2000e.[4] This reflection, however, should give Sprinkle no comfort, because the words of § 1981a(b)(3)(B) appear simple enough, especially when they are placed next to the words of § 2000e. An employer's liability is limited to $100,000 in compensatory and punitive damages only if it had fewer than 201 employees "in each of 20 or more calendar weeks" in the two year period. If it had between 201 and 500 employees "in each of 20 or more calendar weeks" in the two year period, its liability is greater. To say that having, for example, 300 employees who work four days in a calendar week, and then having only 150 of those same employees who work a fifth day is having fewer than 201 employees working in that calendar week requires a reading of the statute that infers a requirement beyond its terms. Another example would be to say that having 150 persons employed Monday through Wednesday, and a different 150 persons employed on Thursday and Friday, would not constitute having 300 persons employed in a calendar week.

▆▆▆ Congress did not include in § 1981a, as it did in § 2000e, the phrase "for each working day." The Court concludes that the difference expresses the Congressional intent that the number of employees working each day is not a factor to be considered in applying the damage limitations under § 1981(a). Instead, under § 1981a, the number of employees in a calendar week is what counts in determining the limitation for damages. The affidavit of Deborah L. Sawyer states that her determination of the number of Sprinkle employees in a calendar week was based upon the threshold number working each day of the week. Her determination is not in conformity with § 1981a(b)(3)(B).

### ORDER

For the reasons aforesaid, the Motion For Partial Summary Judgment as to Count I is DENIED.

4. Of course, they were interpreting the same    provision, albeit under different acts.