BLUFF'S VISION CLINIC, P.C., APPELLEE, V. SUSAN KRZYZANOWSKI, APPELLANT.

543 N.W.2d 761

Filed February 20, 1996.   No. A–94–787.

Tylor J. Petitt, of Van Steenberg, Chaloupka, Mullin, Holyoke, Pahlke, Smith, Snyder & Hofmeister, for appellant.

James M. Worden, of Simmons, Olsen, Ediger & Selzer, P.C., for appellee.

SIEVERS, Chief Judge, and MUES and INBODY, Judges.

INBODY, Judge.

## INTRODUCTION

The appellant, Susan Krzyzanowski, pursuant to the Nebraska Fair Employment Practice Act, brought an employment discrimination action against her employer, Bluff's Vision Clinic, P.C. (Bluff's). After a hearing, the Nebraska Equal Opportunity Commission (NEOC) first found it had jurisdiction and then held for Krzyzanowski. Bluff's appealed to the district court, which found that the NEOC lacked jurisdiction, because Bluff's was not an "employer" as described in the act. Krzyzanowski appeals that order. We conclude that Bluff's can be considered an employer under the statutory definition, and therefore the NEOC had jurisdiction. Thus, we reverse the judgment of the district court and remand the cause for further proceedings.

## STATEMENT OF FACTS

Since the only issue raised on this appeal relates to the jurisdiction of the NEOC over Bluff's, most of the facts are for background purposes, and the relevant facts relating to jurisdiction are undisputed and will be discussed in greater detail in the analysis portion of this opinion.

Krzyzanowski filed a complaint with the NEOC charging Bluff's with employment discrimination on the basis of her gender, in violation of the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48–1101 et seq. (Reissue 1993) (the Act). The complaint was amended to add a charge of retaliation. Bluff's filed a motion to dismiss the complaint, arguing that the NEOC lacked jurisdiction over Bluff's. A hearing examiner for

the NEOC held a hearing, and on October 27, 1993, the hearing examiner overruled the motion to dismiss. Following a public hearing, the examiner made his findings and issued an order on February 25, 1994.

The examiner found that the NEOC had jurisdiction over Bluff's. Specifically, the examiner found that although Bluff's did not by itself employ the requisite 15 employees to be considered an employer under the Act, it was proper to consolidate Bluff's with another entity, The Meat Shoppe, Inc., in order to acquire jurisdiction. The examiner found that the two entities were sufficiently interrelated to be considered one employer for the purposes of the Act.

The examiner came to the following additional conclusions: (1) that Krzyzanowski is a protected person under the Act, (2) that Krzyzanowski established a prima facie case of intentional employment discrimination, (3) that Bluff's met its burden of production of evidence by showing legitimate nondiscriminatory reasons for Krzyzanowski's rate of pay and for terminating her, (4) that Krzyzanowski proved by a preponderance of the evidence that Bluff's proferred reasons were not the true reasons, (5) that Krzyzanowski is entitled to recover certain wages and reasonable attorney fees, (6) that reinstatement is not practicable and should not be ordered, and (7) that a cease and desist order should be issued against Bluff's.

On March 4, 1994, after reviewing the findings and conclusions of the examiner, the NEOC ordered that these findings and conclusions be entered as the official final order of the NEOC. Bluff's appealed that final order to the district court, alleging, among other things, that it was error for the NEOC to find it had jurisdiction over Bluff's. After a hearing, the district court found that the NEOC did not have jurisdiction, specifically finding that it was improper to find that Bluff's and The Meat Shoppe were sufficiently interrelated to be considered one employer, and thus ordered the case dismissed. It is from this order that Krzyzanowski timely appeals.

## STANDARD OF REVIEW

A jurisdictional question that does not involve a factual dispute is a matter of law. Therefore, we reach a conclusion

independent from that of the trial court on the jurisdictional issue. *Wagner v. Unicord Corp.*, 247 Neb. 217, 526 N.W.2d 74 (1995); *Williams v. Gould, Inc.*, 232 Neb. 862, 443 N.W.2d 577 (1989).

## ANALYSIS

Bluff's denies that the NEOC had jurisdiction because Bluff's is not an "employer" as defined by § 48–1102 due to the fact that it does not employ the minimum requisite number of employees. Krzyzanowski argues that Bluff's meets the definition of "employer" because (1) part–time employees should be counted toward the requisite number or, alternatively, (2) The Meat Shoppe should be combined with Bluff's for purposes of jurisdiction because the two enterprises are sufficiently interrelated.

Since the Act is patterned after title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1988 & Supp. V 1993), it is appropriate to consider federal court decisions construing the federal legislation. *City of Fort Calhoun v. Collins*, 243 Neb. 528, 500 N.W.2d 822 (1993) (relying on federal case law to hold that volunteer firefighters are not employees under Nebraska Fair Employment Practice Act); *Airport Inn v. Nebraska Equal Opp. Comm.*, 217 Neb. 852, 353 N.W.2d 727 (1984). Federal courts have determined whether an entity meets the definition of "employer" by counting the number of employees an entity has for the time periods in question and also by determining whether the entity in question is sufficiently related to another entity so that combining the two would allow the entity in question to fall within the statutory requirement. See, e.g., *Thurber v. Jack Reilly's, Inc.*, 717 F.2d 633 (1st Cir. 1983); *Zimmerman v. North American Signal Co.*, 704 F.2d 347 (7th Cir. 1983); *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389 (8th Cir. 1977); *Switalski v. Local Union No. 3*, 881 F. Supp. 205 (W.D. Pa. 1995); *Wright v. Kosciusko Medical Clinic, Inc.*, 791 F. Supp. 1327 (N.D. Ind. 1992).

*Appealable Issue.*

Both sides agree that in determining whether the requisite number of employees existed to establish Bluff's as an employer

under the Act, examination can be made of Bluff's by itself or in combination with another sufficiently related entity. However, Bluff's asserts that only the latter issue is properly presented to this court on appeal. In support of this argument, Bluff's directs this court to the way in which the jurisdiction issue was presented throughout the appeal process.

The NEOC specifically found that Bluff's by itself did not meet the statutory requirement, but that Bluff's met the requirement when it was combined with The Meat Shoppe. Only Bluff's appealed this ruling to the district court, and Bluff's argues that since it assigned as error the NEOC ruling on jurisdiction, by Krzyzanowski's answer on appeal in district court that requested the findings of the NEOC be upheld, Krzyzanowski consented to that part of the NEOC determination that Bluff's by itself lacked the requisite number of employees.

Bluff's argues that in order to preserve the finding that Bluff's by itself did not meet the statutory definition of "employer," Krzyzanowski should have cross–appealed in district court. Thus, the narrow issue presented to the district court was whether the NEOC erred in combining Bluff's with The Meat Shoppe in order to acquire jurisdiction over Bluff's. The district court determined that the NEOC lacked jurisdiction on that basis and specifically stated that the two entities were not sufficiently related. Therefore, Bluff's asserts that in Krzyzanowski's appeal to this court, the only issue properly presented is whether the district court erred in not combining the two entities for purposes of acquiring jurisdiction.

As stated above, courts determine whether an employer meets the definitional requirement by looking first at whether the entity by itself has employed the requisite number of employees for the requisite amount of time. Then, if the entity has not met this first requirement, the court looks to determine if the entity in question can be combined with another entity that is sufficiently related. We conclude that the district court, in order to reach its specific findings, first must have taken the necessary step of determining that Bluff's by itself did not have the requisite number of employees. It makes no sense to attempt to combine two entities to meet the requisite number of employees

if the entity in question alone meets the requirements. Therefore, we conclude that the issue of jurisdiction, no matter how obtained, is properly presented before this court.

*Part–Time Employees.*

The NEOC has jurisdiction over Bluff's if Bluff's falls under the statutory definition of "employer." "Employer" is defined in part as "a person engaged in an industry who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." § 48–1102(2).

The facts are undisputed as to the number of Bluff's employees and the hours each worked. The parties agree that whether the NEOC has jurisdiction depends on how, if at all, Bluff's part–time employees are counted.

Although Bluff's employed 15 or more employees during each of the weeks in question, some of the employees were part time. Because of the schedule of these part–time employees, there were not always 15 employees working each and every day of every week in question. For example, during the first quarter of 1991, Bluff's employed 11 full–time employees and 5 part–time employees. However, at least three part–time employees did not work on at least 2 days of each week. Therefore, even though Bluff's paid more than 15 people during each of these weeks, Bluff's did not have 15 people working on at least 2 days of each of these weeks. Although the numbers are different, the result is the same for the remaining quarters of 1991 and 1992.

Generally, part–time employees can be counted as employees when jurisdiction is contested. See, e.g. *Thurber v. Jack Reilly's, Inc.*, 717 F.2d 633 (1st Cir. 1983); *Zimmerman v. North American Signal Co.*, 704 F.2d 347 (7th Cir. 1983); *Wright v. Kosciusko Medical Clinic, Inc.*, 791 F. Supp. 1327 (N.D. Ind. 1992). However, the question presented by this case is how those employees should be counted. There is a split of authority in the federal decisions regarding this matter. See *Reith v. Swenson*, 63 Fair Emp. Prac. Cas. (BNA) 885 (D. Kan. 1993) (discussing in detail rationale for majority and minority views).

Krzyzanowski argues the majority view, that a "payroll" theory should be adopted by this court in order to effectuate the legislative intent and purpose of the statute. In essence, this theory sets forth that as long as the employer had 15 employees on its payroll during a given week, that meets the requirement set forth in the statute for that week. Krzyzanowski relies on *Thurber v. Jack Reilly's, Inc., supra*, in support of this proposition.

In *Thurber*, a waitress brought a gender discrimination action against her employer, a bar, alleging that she was not given an opportunity to train for a higher paying position. Each day, the bar had approximately 9 employees working; however, in total, the bar employed and paid over 15 employees in each of the weeks in question. Some of these employees were full time, and some were part time. The bar argued that the language "for each working day," found in the definition of "employer," required that the word "employees" be limited to those persons actually working on each day in question.

The U.S. Court of Appeals for the First Circuit rejected the employer's argument. The court examined the legislative history and decided that a strict interpretation of the language "for each working day" was inconsistent with the remedial purposes of title VII. The court held that to examine the payroll, and not to merely count the number of employees who reported to work, was more consistent with the remedial purposes of title VII. See, also, *Reith v. Swenson, supra*; *Simmons v. Vliets Farmers Cooperative*, 55 Fair Emp. Prac. Cas. (BNA) 1341 (D. Kan. 1991); *E.E.O.C. v. Pettegrove Truck Service, Inc.*, 716 F. Supp. 1430 (S.D. Fla. 1989) (all using payroll method).

Krzyzanowski also argues the Equal Employment Opportunity Commission (EEOC) has rejected the minority "counting" method, which Bluff's argues should be favored over the payroll method. In its policy statement, the EEOC states:

> [S]tatutory construction permits, and policy considerations and congressional intent mandate that under Title VII an employer who has fifteen employees on the payroll for twenty weeks of the year meets the statutory definition of employer . . . .
>
> . . . . .

The Commission's position is that all regular part–time employees are counted whether they work part of each day or part of each week.

Notice No. N–915–052, EEOC Compliance Manual (CCH) ¶ 2167 at 2313–14 (April 20, 1990).

Bluff's argues this court should adopt the minority view, that the plain language of the statute dictates that a counting method should be used, whereby only those employees who either worked or were paid leave each working day of each of the weeks in question should be counted. In support of its position, Bluff's relies on the leading case of *Zimmerman v. North American Signal Co.*, 704 F.2d 347 (7th Cir. 1983), and the case of *McGraw v. Warren County Oil Co.*, 707 F.2d 990 (8th Cir. 1983), in which the Eighth Circuit adopted the ruling and rationale of *Zimmerman.*

In *Zimmerman v. North American Signal Co., supra*, the Seventh Circuit rejected the payroll method and instead held that the language "each working day" could not be overlooked. Although the court was counting employees for purposes of the Age Discrimination in Employment Act (ADEA), the court looked to interpretations of title VII because of the similarities in the definition of "employer" in both acts. The court held that even though the ADEA is a remedial act which is intended to be construed liberally to achieve its purpose, the court could not interpret the statute to contradict its language. Based on this rationale, the *McGraw* court held that part–time workers who did not work each day of the workweek were not employees for that entire week. See, also, *E.E.O.C. v. Garden and Associates, Ltd.*, 956 F.2d 842 (8th Cir. 1992) (citing favorably *McGraw* and *Zimmerman*).

■ It is undisputed by the parties, and the record, that if Krzyzanowski's position is adopted, then Bluff's will have met the definition of "employer." However, if Bluff's position is adopted, then the requisite number of employees will not have been met. We conclude that the majority view and the position stated by the EEOC is the better rationale because it does effectuate the remedial purposes and intent of the Act. Therefore, a payroll method shall be used for determining the number of employees under § 48–1102(2). Thus Bluff's, by

itself, did employ 15 employees for each week in question, and we need not decide whether or not the NEOC properly combined the two entities.

## CONCLUSION

Bluff's was an employer as statutorily defined by § 48–1102(2) because when the payroll method is applied to count the number of employees, the record shows that Bluff's employed the requisite number for the requisite amount of time. Thus, we conclude that the district court erred in finding the NEOC was without jurisdiction, and we therefore reverse the judgment and remand this matter to the district court for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.