Coulstring v. Topic of the Town        CV-96-192-SD   02/11/98

UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Terry Coulstring;
Loucinda Williams


        v.                                Civil No. 96-192-SD


Topic of the Town
 Restaurant


                           O R D E R


        This matter is before the court on defendant's motion to

dismiss for lack of subject matter jurisdiction.  Document 36.

Plaintiffs object.  Document 41.[1]


1.  Background

        These are civil rights actions brought pursuant to Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and

the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  At relevant

times, the plaintiffs, Terry Coulstring and Loucinda Williams,

were employed as waitresses at the defendant, Topic of the Town

---

[1]Plaintiffs have also sought, in the event that the motion
to dismiss is granted, the right to amend their complaints to
state a claim for wrongful discharge.  Document 42.  Doomed to
fail for lack of diversity in the Coulstring action, these
motions are, however, mooted by the result herein reached.

Restaurant. Located in Littleton, New Hampshire, this restaurant is a sole proprietorship, which is owned by Doris Fekay.

Plaintiff Williams claims that she was subjected to sexual harassment by a restaurant customer and that defendant failed to take the necessary steps to prevent such harassment. As a result, Williams filed a complaint with the New Hampshire Human Rights Commission, and contends that in turn she was discharged in retaliation for the filing of such complaint.

Plaintiff Coulstring contends that she assisted Williams with her complaint of discrimination and that in turn she was discharged in retaliation for such assistance.

Defendant's motion contends that defendant was not, at times relevant to this litigation, an "employer" within the statutory definition of Title VII, 42 U.S.C. § 2000e(b), and therefore the court lacks subject matter jurisdiction over this lawsuit.

## 2. Discussion

It is well established that subject matter jurisdiction "can be raised at any time and when raised, the issue is not whether the court had jurisdiction at some time in the past, but whether the court today still has jurisdiction." Mills v. State of Maine, 118 F.3d 37, 49 (1st Cir. 1997). Indeed, the "'court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is

2

wanting.'" White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997) (citing and quoting In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988)). See also 2 MOORE'S FEDERAL PRACTICE § 12.30[1], at 12-33 (3d ed. Matthew Bender 1997).[2]

And in its consideration of a challenge to subject matter jurisdiction, the court may consider whatever evidence has been submitted, including depositions and affidavits. Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996); 2 MOORE'S, supra, § 12.30[3], at 12-36. The burden of proving the existence of subject matter jurisdiction rests upon the party asserting it; in this case, the plaintiffs. Aversa, supra, 99 F.3d at 1209; 2 MOORE'S, supra, § 12.30[5], at 12-41.

Under Title VII, it is an unlawful employment practice for an employer "to discriminate against any individual with respect to [her] compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The statute defines the term "employer" to mean "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in

_____

[2]The motion is grounded on Rules 12(b)(1) and 12(h)(3), Fed. R. Civ. P. Rule 12(b)(1) lists "lack of jurisdiction over the subject matter" as a defense that may be raised by motion. Rule 12(h)(3) provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b).

The Supreme Court has held that "the ultimate touchstone under § 2000e(b) is whether an employer has employment relationships with 15 or more individuals for each working day in 20 or more weeks during the year in question." Walters v. Metropolitan Educational Enters., ___ U.S. ___, ___, 117 S. Ct. 660, 666 (1997). In this Circuit, an employee is counted for each day that an employment relationship exists, regardless of whether the employee reported to work each day. Vera-Lozano v. International Broadcasting, 50 F.3d 67, 70 (1st Cir. 1995); Thurber v. Jack Reilly's, Inc., 717 F.2d 633, 634-35 (1st Cir. 1983).

Defendant relies on an affidavit of Doris Fekay which states that, upon review of the payroll records of the defendant, the restaurant never employed more than fourteen employees[3] during each week from May 8, 1989, to the present. Plaintiffs counter with affidavits, charts, and deposition excerpts.

---

[3]In arriving at the figure of fourteen, Doris Fekay includes both her husband and herself. As the record shows her husband was the primary cook for the restaurant and that she oversaw most of its operations, it is proper, the court finds and rules, to include them as employees for the purposes of 42 U.S.C. § 2000e(b). EEOC v. Pettegrove Truck Service, Inc., 716 F. Supp. 1430 (S.D. Fla. 1989).

The court has reviewed these conflicting documents and is satisfied that for the relevant year of 1995 the defendant employed more than fifteen individuals for more than twenty weeks of the year. It is clear that not all of the employees who work at the restaurant, including certain other relatives of the Fekays, bus persons, and cleaning persons, were paid in such fashion as to be listed on the payroll records. Some of these parties were apparently paid cash for part-time work, and some, although paid by check, were not included on the payroll records.

While the court is aware of the burdens imposed on small business by the requirement that they adhere to statutes directed against discrimination, the burden placed on such businesses, as this Circuit has stated, "is the relatively modest one of forbearance from discrimination in employment." Thurber, supra, 717 F.2d at 635. The motion to dismiss must be and it is herewith denied, and the plaintiffs may proceed with their civil rights litigation as filed. The ruling herein made renders moot the plaintiffs' motion which seeks to amend the complaint. Document 42.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 11, 1998
cc:     Eleanor H. MacLellan, Esq.
        Michael R. Callahan, Esq.