# United States Court of Appeals
## For the First Circuit

No. 06-1907

LENDA DE JESÚS,

Plaintiff, Appellant,

v.

LTT CARD SERVICES, INC.; JORGE PAGÁN; JANE DOE;
CONJUGAL PARTNERSHIP PAGÁN-DOE;
JOHN ROE; JOE ROE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Lynch, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

Maria I. Santos-Rivera for appellant.
Alberto Acevedo-Colom for appellees.

January 19, 2007

**LYNCH**, **Circuit Judge**. This case raises the issue, new to our circuit, of whether shareholder-directors of a close corporation may be "employees" for purposes of the 15-employee requirement for determining whether a corporation is a covered "employer" under certain federal anti-discrimination laws. The Supreme Court has instructed on this issue in a series of decisions which determine the outcome of this appeal from entry of summary judgment for the defendants. See Clackamas Gastroenterology Assocs., P.C. v. Wells, 538 U.S. 440 (2003); Walters v. Metro. Educ. Enters., Inc., 519 U.S. 202 (1997); Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318 (1992).

I.

LTT Card Services, Inc. (LTT) is a corporation which sells cards for cellular phones. Lenda De Jesús worked for LTT in 2001 and 2002. De Jesús worked in LTT's accounting department, and her last position with the company was as a Collection Officer. While De Jesús was employed at LTT, Jorge Pagán was President of the company, and Ibrahim Baker was Vice President. Defendants allege that LTT is a close corporation, and that Pagán and Baker are directors and major shareholders of LTT.

In December 2004, De Jesús brought suit against LTT and several individuals (collectively "LTT"), alleging that after she announced she was pregnant in April 2002, she was subjected to harassment and a hostile work environment, which led to her

-2-

constructive discharge in violation of 42 U.S.C. § 1983; 42 U.S.C. § 1985; Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq.; the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq.; and Puerto Rican law, including P.R. Laws Ann. tit. 29, § 146 et seq. and P.R. Laws Ann. tit. 31, § 5141 et seq. De Jesús apparently had received a Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC).

LTT moved to dismiss De Jesús's Title VII claim on the ground that plaintiff had not met her burden of showing that the company satisfied the definition of "employer," as it did not have "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The ADA likewise[1] defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year."[2]    42 U.S.C.

---

[1] Not every federal anti-discrimination law imposes a 15-employee requirement for covered employers. See Engelhardt v. S.P. Richards Co., --- F.3d ---, No. 06-1232, slip op. at 5 (1st Cir. Dec. 22, 2006) (discussing 50-employee requirement under the Family and Medical Leave Act).

[2] LTT did not press its 15-employee argument with respect to the ADA claim, believing that plaintiff's complaint stated a claim for pregnancy discrimination that was actionable exclusively under Title VII. The district court did not decide whether discrimination on the basis of pregnancy is cognizable under the ADA, and neither party has argued the issue on appeal, so we do not reach it. We note, however, that the EEOC's interpretive guidance to the ADA states that "conditions, such as pregnancy, that are not the result of a physiological disorder are . . . not impairments"

-3-

§ 12111(5)(A). LTT filed no memorandum of law providing any legal analysis with its motion to dismiss; it instead filed a sworn statement from Carlos Ruben Vargas-Acevedo, an accountant for LTT, that there were not 15 or more employees for each working day during 20 or more calendar weeks in either 2003 or 2004.

In response to LTT's motion to dismiss, De Jesús filed a motion under Federal Rule of Civil Procedure 56(f), asking that she be allowed an opportunity to conduct discovery in the case or, in the alternative, be allowed to conduct limited discovery as to the 15-employee issue.

LTT opposed De Jesús's request for discovery and submitted uncertified payroll records for 2003 and 2004 in support of its argument that no additional discovery was necessary. Notably, the records listed both Pagán and Baker, the purported shareholder-directors, as employees for every week of 2003 and 2004.

On August 9, 2005, the district court initially denied LTT's motion to dismiss the Title VII and ADA claims.[3] De Jesús v. LTT Card Services, Inc., No. Civ. 04-2373, 2005 WL 1881482, at *5 & n.4 (D.P.R. Aug. 9, 2005). Recognizing a split then extant among

---

under the ADA. 29 C.F.R. 1630 app. § 1630.2(h).

[3] The district court dismissed De Jesús's claims under § 1983 and § 1985. De Jesús v. LTT Card Services, Inc., No. Civ. 04-2373, 2005 WL 1881482, at *3 (D.P.R. Aug. 9, 2005). These dismissals are not at issue on appeal.

-4-

the circuit courts, the district court characterized the 15-employee requirement as an issue of failure to state a claim, under Rule 12(b)(6), rather than an issue of subject matter jurisdiction, under Rule 12(b)(1). Id. at *4-5. The district court was correct. The Supreme Court has since decided that the 15-employee requirement is not jurisdictional, but an element of plaintiff's claim for relief. Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1245 (2006).

The district court also correctly held that for purposes of determining whether LTT was a covered employer, the focus must be on 2002, the calendar year in which the alleged discrimination occurred, and/or 2001, the preceding calendar year. See Vera-Lozano v. Int'l Broad., 50 F.3d 67, 69 (1st Cir. 1995); see also 42 U.S.C. § 2000e(b). The court gave leave to LTT to renew its motion to dismiss the Title VII and ADA claims by filing "certified copies of the payrolls" for 2001 and 2002. De Jesús, 2005 WL 1881482, at *5 & n.4. The court stated that in the event LTT's motion was reinstated, De Jesús would have a 30-day period to conduct limited discovery on the 15-employee issue. Id.

Thereafter, on October 11, 2005, LTT submitted uncertified records concerning its 2001 and 2002 payrolls, along with a second motion to dismiss. The documents submitted appear to be spreadsheets rather than "certified copies of the payrolls." The motion relied on Serapion v. Martinez, 119 F.3d 982 (1st Cir.

-5-

1997), and <u>Devine</u> v. <u>Stone, Leyton & Gershman, P.C.</u>, 100 F.3d 78 (8th Cir. 1996), for the proposition that "shareholders-directors, that manage and own the business" must be "excluded from the payroll, since they should be considered proprietors, not employees, under Title VII."

The motion also explained that two names on the previously submitted records for 2003 and 2004 should have been excluded. That was because "Jorge Pagán and Ibrahim Baker [were] both shareholders and directors of L.T.T." and as such "should be considered proprietors and not employees." One can easily infer that Pagán and Baker were not listed on the newly submitted, uncertified records for 2001 and 2002 because of their alleged shareholder-director status. Had they been counted as employees, it appears that LTT would have had at least 15 employees for the requisite number of weeks in 2001 and 2002. Plaintiff failed to file any opposition to LTT's second motion to dismiss.

On April 10, 2006, the district court dismissed De Jesús's Title VII and ADA claims with prejudice.[4] <u>De Jesús</u> v. <u>LTT Card Services, Inc.</u>, No. Civ. 04-2373, 2006 WL 940996, at *1 (D.P.R. Apr. 10, 2006). It is clear that, without formally doing so, the court treated LTT's second motion to dismiss as a Rule 56

---

[4] The district court dismissed without prejudice plaintiff's pendent claims under Puerto Rico law. <u>De Jesús</u> v. <u>LTT Card Services, Inc.</u>, No. Civ. 04-2373, 2006 WL 940996, at *1 (D.P.R. Apr. 10, 2006).

-6-

motion for summary judgment. The court had before it what were purported to be payroll records, and it had given De Jesús an opportunity for discovery after she filed her motion under Rule 56(f). There was no prejudice to any party from this treatment.

In granting summary judgment to LTT on the Title VII and ADA claims, the district court properly took LTT's submitted uncontested facts as admitted, since De Jesús filed no opposition. See Fontánez-Núñez v. Janssen Ortho LLC, 447 F.3d 50, 55 (1st Cir. 2006).

Perhaps because of the lack of developed briefing,[5] the district court's order was unaccompanied by a memorandum and consisted only of two paragraphs, which stated the court's conclusions but not its reasons. The court cited no cases on the question of whether director-shareholders may be considered "employees" for determining whether a corporation is a covered "employer." De Jesús, 2006 WL 940996, at *1. We assume that the court's decision was based on the spartan arguments accompanying LTT's second motion to dismiss: that this case is controlled by Serapion and Devine, and that shareholder-directors of corporations are excluded as a matter of law from being counted as employees under Title VII.

_____

[5] Unfortunately, at no time did the parties bring the relevant Supreme Court case law to the district court's or this court's attention.

On May 4, 2006, De Jesús, represented by new counsel, filed a motion for reconsideration or relief from judgment under Rule 60(b). Plaintiff stated in the motion that previous counsel had been experiencing depression and failed to discuss with her the defendants' motion to dismiss; she also noted that former counsel "failed to perform any discovery . . . and failed to file any objection to defendants' exhibits." De Jesús also objected that the 2001 and 2002 records submitted by LTT were not certified payrolls as required by the district court's August 9, 2005 order, and that it was improper for LTT to omit Pagán and Baker from the 2001 and 2002 records. Further, De Jesús argued for the first time, on reconsideration, that LTT impermissibly excluded an additional six employees from its submitted documents for the years in question, supported only by her statement that the six were employees.

The district court did not rule on De Jesús's motion for reconsideration. This may have been due to plaintiff's filing her notice of appeal only six days after the filing of the motion to set aside judgment. In any event, De Jesús timely appealed from the entry of summary judgment against her on the Title VII and ADA claims.[6]

---

[6] Defendants' brief mistakenly assumes that plaintiff appeals only from the district court's procedural treatment of her failure to oppose defendants' motion of October 11, 2005. Nonetheless we decline to apply the waiver rule, Balestracci v. NSTAR Elec. & Gas Corp., 449 F.3d 224, 233 n.6 (1st Cir. 2006),

Our review of the district court's grant of summary judgment is de novo, and we take all reasonable inferences in favor of the nonmoving party. Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003). Even though De Jesús failed to oppose LTT's motion, the "uncontested facts and other evidentiary facts of record must still show that [defendants are] entitled to summary judgment." Fontánez-Núñez, 447 F.3d at 55 (quoting Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 4 (1st Cir. 2003)) (internal quotation marks omitted); see also Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (stating that a Rule 56 movant who does not bear the burden of proof must show that "the opponent cannot sustain his burden at trial").

## II.

This appeal raises two issues. The first is how to treat shareholder-directors of close corporations in determining who is an "employee" for meeting the definition of "employer" under Title VII and the ADA.[7] The second is whether, on the record before it,

---

despite defendants' failure to adequately brief the merits of the summary judgment issues.

[7]    We take the question of who is an "employee" for purposes of determining who may seek the protection of Title VII as identical to the question of who is an "employee" for purposes of the 15-employee threshold required for an "employer." See Clackamas, 538 U.S. at 446 n.6 (noting in the ADA context that "the term 'employee' comes into play when determining whether an individual . . . may invoke . . . protections against discrimination . . ., as well as when determining whether an individual is an 'employee' for purposes of the 15-employee threshold").

the district court correctly concluded on summary judgment that LTT did not have 15 or more employees for each working day in 20 or more calendar weeks in 2001 or 2002 because on the undisputed facts Pagán and Baker could not be employees.

Whether an individual is an employee for purposes of Title VII or the ADA is a matter of federal law. See Walters, 519 U.S. at 206-07, 211-12; Rodal v. Anesthesia Group of Onondaga, P.C., 369 F.3d 113, 122-23 (2d Cir. 2004); Serapion, 119 F.3d at 988. However, neither Title VII nor the ADA defines who is an employee beyond the circular provision that an "employee" is "an individual employed by an employer." 42 U.S.C. §§ 2000e(f), 12111(4). Indeed, the Supreme Court has noted that "employee" does not have "some intrinsically plain meaning." Robinson v. Shell Oil Co., 519 U.S. 337, 344 n.4, 346 (1997) (holding that term "employees" as used in the anti-retaliation provision of Title VII includes former employees).

The Supreme Court has addressed the definition of "employer" in the federal anti-discrimination laws in several cases. In Walters, the Court addressed the question of whether, for purposes of Title VII's 15-employee requirement, the defendant "had" all employees with whom it maintained an employment relationship on a given working day, regardless of whether the employee received compensation on that day. 519 U.S. at 204.

<u>Walters</u> establishes the broader framework applicable here. Under <u>Walters</u>, the 15-employee question will frequently, but not necessarily, be addressed in two parts: application of the "payroll method,"[8] followed by application of traditional agency law principles for defining employer and employee, if the individual is on the payroll. <u>Id.</u> at 207, 211-12. Of course, one could skip to the second test if it were dispositive.

Thus, our starting point, as the parties presented the issue, is whether the two individuals in question were on LTT's payroll. The inferences, which must be drawn in plaintiff's favor, are that Pagán and Baker were on the payroll for 52 weeks in both 2001 and 2002, just as they were in 2003 and 2004, but were excluded from LTT's later submission of uncertified records for 2001 and 2002 based on a legal argument that shareholder-directors cannot be employees. There is a further reasonable inference in plaintiff's favor that if Pagán and Baker were on the payroll for 52 weeks in 2001 and 2002, they were full-time, paid workers of LTT.

This brings us to the second test. As <u>Walters</u> recognized, the mere fact that an individual is on the payroll is

---

[8] The <u>Walters</u> Court endorsed the use of the payroll method, which this court had earlier adopted in <u>Thurber</u> v. <u>Jack Reilly's, Inc.</u>, 717 F.2d 633, 634-35 (1st Cir. 1983), recognizing that "the employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." <u>Walters</u>, 519 U.S. at 206.

not necessarily dispositive of his or her status as an employee. Citing Darden, 503 U.S. at 323-24, Walters stressed that it is "the existence of an employment relationship, not appearance on the payroll," which is critical, because an individual may appear on the payroll but nevertheless not be "an 'employee' under traditional principles of agency law." 519 U.S. at 211. The courts of appeals differed, however, on what was the appropriate common law test. See, e.g., Devine, 100 F.3d at 81; Hyland v. New Haven Radiology Assocs., P.C., 794 F.2d 793, 798 (2d Cir. 1986); EEOC v. Dowd & Dowd, Ltd., 736 F.2d 1177, 1178 (7th Cir. 1984).

In 2003 the Supreme Court decided Clackamas, resolving the circuit split and determining the test applicable here. The issue was how to determine who was an employee for purposes of the 15-employee requirement under the ADA when shareholder-directors were involved. 538 U.S. at 442. The case turned on "whether four physicians actively engaged in medical practice as shareholders and directors of a professional corporation should be counted as 'employees.'" Id. The Court noted that Congress had balanced the competing interests of employees and small businesses in setting the definition of covered employers. Id. at 446-47. "[T]he congressional decision to limit the coverage of the [ADA] to firms with 15 or more employees has its own justification that must be respected -- namely, easing entry into the market and preserving the competitive position of smaller firms." Id. at 447.

-12-

Notably, the Court rejected the approach, implicit in LTT's position,[9] that the issue is simply whether the individuals in question are like partners in a partnership. Id. at 446. Such an approach, the Court held, avoids the pertinent question of whether shareholder-directors of a professional corporation are employees within the meaning of the statute. Id.

Rather, the Court adopted a six-factor test taken from 2 EEOC, Compliance Manual § 605:0009 (2000) (hereinafter "2000 EEOC Compliance Manual"), for determining whether a shareholder-director is an employee. Clackamas, 538 U.S. at 449-50. The six factors in the EEOC Compliance Manual are designed to address "'whether the individual acts independently and participates in managing the organization, or whether the individual is subject to the organization's control.'"[10] Id. at 449 (quoting 2000 EEOC Compliance Manual § 605:0009). If the individual is subject to the organization's control, he is an employee, even if he is a partner, officer, director, or major shareholder. See 2 EEOC, Compliance

_____

[9] In its second motion to dismiss, LTT asserted that Pagán and Baker were shareholders and directors of the company, and that as a result they could not be considered employees. LTT relied on Serapion and Devine in support of its argument, but it did not recognize that both cases expressly warned against depending solely on labels to establish the substance of the employment relationship. Serapion, 119 F.3d at 987; Devine, 100 F.3d at 81.

[10] The EEOC Compliance Manual also lists 16 factors, taken from Darden, 503 U.S. at 323-24, that may be relevant to the broader question of "'whether the employer controls the means and manner of the worker's work performance.'" Clackamas, 538 U.S. at 449 (quoting 2000 EEOC Compliance Manual § 605:0008 & n.71).

-13-

Manual ¶ 7110(A)(1)(d), at 5719 (2003) (hereinafter "2003 EEOC Compliance Manual"). The six factors are as follows:

1. "Whether the organization can hire or fire the individual or set the rules and regulations of the individual's work,"

2. "Whether and, if so, to what extent the organization supervises the individual's work,"

3. "Whether the individual reports to someone higher in the organization,"

4. "Whether and, if so, to what extent the individual is able to influence the organization,"

5. "Whether the parties intended that the individual be an employee, as expressed in written agreements or contracts,"

6. "Whether the individual shares in the profits, losses, and liabilities of the organization."

Clackamas, 538 U.S. at 449-50 (quoting 2000 EEOC Compliance Manual § 605:0009) (internal quotation marks omitted).

The Court made clear that these six factors are not exhaustive. Id. at 450 & n.10. The Court went on to explain the application of the factors:

> As the EEOC's standard reflects, an employer is the person, or group of persons, who owns and manages the enterprise. The employer can hire and fire employees, can assign tasks to employees and supervise their performance, and can decide how the profits and losses of the business are to be distributed. The mere fact that a person has

-14-

a particular title -- such as partner, director, or vice president -- should not necessarily be used to determine whether he or she is an employee or a proprietor. Nor should the mere existence of a document styled "employment agreement" lead inexorably to the conclusion that either party is an employee. Rather, as was true in applying common-law rules to the independent-contractor-versus-employee issue confronted in Darden, the answer to whether a shareholder-director is an employee depends on "'all of the incidents of the relationship . . . with no one factor being decisive.'"[11]

Id. at 450-51 (omission in original) (citations omitted) (quoting Darden, 503 U.S. at 324 (quoting NLRB v. United Ins. Co. of Am., 390 U.S. 254, 258 (1968))) (citing 2000 EEOC Compliance Manual § 605:0009).

Under Clackamas it is also clear that managers or supervisors may not be determined to be non-employees merely on the basis that they have managerial or supervisory authority. See Smith v. Castaways Family Diner, 453 F.3d 971, 978-79 (7th Cir. 2006). Management authority can be delegated by the corporation, but such authority does not necessarily entail a right to control. See id. at 982 (underscoring the distinction between a right versus a privilege of participating in the governance of a business).

---

[11] Clackamas is thus on point with this court's earlier holding in Serapion that questions of employee status are not to be determined on the basis of a label, but rather on the basis of the actual circumstances of an individual's relationship with the company. See Serapion, 119 F.3d at 987 (requiring "a case-by-case analysis aimed at determining whether an individual . . . actually bears a close enough resemblance to an employee to be afforded the protections of Title VII").

We hold that the Clackamas approach applies here. Although Clackamas does not directly decide the question, we hold that it applies to close corporations as well as to professional corporations. That is because the EEOC Compliance Manual does not restrict itself to professional corporations; indeed, it explicitly covers major shareholders. 2003 EEOC Compliance Manual ¶ 7110(A)(1)(d), at 5718-19. We also hold that the Clackamas test applies to Title VII as well as ADA claims. Without expressly holding that this test has application beyond the ADA, the Court noted that the EEOC's guidelines are intended to apply across Title VII, the ADA, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. Clackamas, 538 U.S. at 449 n.7.

We turn to the question of application of Clackamas to the record in this case. LTT chose as its sole battleground its application of the payroll method. Under Walters, as we have said, application of the payroll method alone does not warrant entry of summary judgment where the evidence is merely that the pertinent individuals being counted are on the payroll, and there is a dispute about whether pertinent individuals are employees. 519 U.S. at 211-12. The defendants must also meet their burden under the six-factor Clackamas test.

LTT merely alleged that Pagán and Baker are directors and shareholders of LTT, but provided no evidence. Even if one were to accept that the spreadsheets submitted were accurate payrolls

because De Jesús did not initially oppose this assertion,[12] entry of summary judgment for defendants was not proper.  That is because defendants failed to offer evidence pertaining to the six factors described in Clackamas.  See Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 101-02, 104 (1st Cir. 2004) (noting that motions for summary judgment are decided on the evidence in the record, including admissions on file).  On the record before it, the district court could not have engaged in the necessary inquiry into the six factors and concluded on summary judgment that Pagán and Baker were not employees.  See Clackamas, 538 U.S. at 449, 450 n.10 (finding each of the EEOC's six factors "relevant to the inquiry whether a shareholder-director is an employee," and noting that other factors may also be pertinent); see also 2003 EEOC Compliance Manual ¶ 7110(A)(1)(d), at 5718-19.

Under these circumstances, we vacate the entry of summary judgment for defendants and remand for action consistent herewith. Nothing in this opinion is intended to preclude the district court from entertaining a properly supported renewed motion for summary judgment.

No costs are awarded on this appeal.

---

[12] De Jesús questioned the nature of the documents submitted by LTT as payrolls in her later motion for reconsideration.